Pearson, J.
 

 The will of Miles Welch contains this clause: “ I give and bequeath unto Elizabeth and Sarah M. Simpson, all the negroes I sent to my daughter Penny Simpson, to them and their heirs forever; and if
 
 they
 
 should die without an heir, for said negroes to be equally divided between Henderson Simpson and all my children.” Elizabeth married the defendant Roberts, and died without leaving a child. Sarah married the plaintiff, and is still living, and has several children.
 

 One thing is clear: Elizabeth and Sarah took vested estates, and the share of Elizabeth belongs to her personal representatives, unless there is something to defeat her estate. It is said, the sisters took cross remainders by implication, and upon the death of Elizabeth, without a
 
 *278
 
 child, her estate was defeated, and Sarah became entitled to all the negroes. This may possibly have been the intention of the testator, but he has not used words sufficiently definite to enable us to imply a cross remainder, whereby to defeat a vested estate.
 

 Again, it is said, the estate of Elizabeth was subject to be defeated by a contingency. That is true; and the question is, what contingency ? If
 
 they
 
 should die without an heir! That has not yet happened and probably never will; for the chances are, that Sarah will leave children at her death, and then the contingency will be at an end. There is no rule of construction, by which the words can be changed, so as to read: if
 
 either of them,
 
 should die without an heir, (a child,) then the negroes shall be equally divided, &c.
 

 In groping in the dark to find the testator’s intention, which is probably the more difficult, because he never thought of the case which has occurred, and consequently had no intention in reference to it, we are relieved by finding that the question has been decided,
 
 Picot
 
 v.
 
 Armistead, 2
 
 Ired. Eq. 226, and willingly leave this case to rest on that.
 

 Per Curiam. Judgment affirmed.