JENNIE KARNES, Respondent, v. THE AMERICAN FIRE INSURANCE COMPANY, Appellants.

Kansas City Court of Appeals, April 3, 1893.

Nonsuit: ENTRY OF: NEW SUIT: PENDENCY OF FORMER SUIT. Nonsuit was taken, motion to set it aside was filed and overruled, appeal was taken and judgment affirmed. Plaintiff brought new suit and defendant pleaded pendency of former suit, because no final judgment was entered in that case. *Held*, the voluntary nonsuit was an abandonment of the cause and, as it was treated as an end by both parties, the former case is ended.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Elijah Robinson* and *Stuart Carkener*, for appellant.

"Cases once legally commenced continue until some affirmative action is shown discontinuing them." *Bond v. White*, 24 Kan. 45, at p. 47; *Smith v. Bank*, 24 Kan. p. 531.

*J. H. Cupp* and *W. W. Fry*, for respondent.

(1) The judgment of the appellate court, whether right or wrong, was binding on the lower court. It had no authority other than to follow its mandate that the nonsuit was voluntary. The judgment was affirmed and the case ended. *McKinney v. Harral*, 36 Mo. App. 337; *McIntyre v. McIntyre*, 24 Mo. App. 166; *Boogher v. Frazier*, 99 Mo. 325. (2) This court in the former suit held plaintiff's action to be "a voluntary non-suit, and therefore affirmed the judgment." Then that matter is *res adjudicata*. *Chouteau v. Rowse*, 56 Mo. 67, and 90 Mo. 191.

ELLISON, J.—This cause was originally instituted against defendant on its policy of insurance, wherein on trial, the trial court having made some adverse rulings against plaintiff, on the admission of evidence, she took a non-suit. The court refusing to set aside such non-suit, on plaintiff's motion to that effect, she appealed to this court. This court in an unreported opinion held, on authority of the cases of *Layton v. Rively*, 33 Mo. 87, and the *State ex rel. v. Gaddy*, 83 Mo. 138, that the non-suit taken by plaintiff was voluntary and that the motion to set it aside was therefore properly overruled, the judgment being affirmed. It seems that as a matter of fact no final judgment was entered by the trial court. Though such point was not made or referred to by either side, this court therefore supposing of course that no such difficulty was in the case, after the decision in this court, plaintiff instituted the present case, founded on the same cause of action as the original. Defendant pleaded the pendency of the former action, and was successful on such plea in the trial court. Plaintiff thereupon, in due time, filed her motion for a new trial which was afterwards

sustained and defendant has appealed, under a recent statute, from the order granting the new trial.

Defendant claims that the original case is still pending since there has been no final judgment entered therein on the nonsuit taken as above set forth. We do not agree to this contention. The voluntary nonsuit (for such it was held to be) was an abandonment of the cause, and it was treated as ended by both parties, except for the purposes of the appeal. It was submitted here as though the formal judgment had been entered, and the mere fact that there has been an omission to make such formal entry ought not to avail defendant or sustain its plea of another case pending on the same cause of action. The former case is ended. The nonsuit taken is irrevocable. The action of the trial court thereon was sustained on appeal and we see no substantial reason or justice in holding it to be yet pending, for the purpose of defendant's plea. The order granting a new trial will therefore be affirmed. All concur.