CORA WAGNER FOSTER, APPELLANT, v. FRANK PETREE, ADMINISTRA-
TOR WITH WILL ANNEXED OF ESTATE OF GEORGE WAGNER, DE-
CEASED, ET AL., RESPONDENTS.—141 S. W. (2d) 131.

Kansas City Court of Appeals.   May 20, 1940.

*Horace Merritt* and *L. F. Randolph* for appellant.

*Pettijohn & Eiser* and *Petree & Wright* for respondent.

KEMP, J.—In this case, the trial court held three petitions insufficient upon demurrer, whereupon judgment was rendered dismissing plaintiff's suit and assessing treble costs against her, in conformity with the provisions of section 796, Revised Statutes of Missouri, 1929, Missouri Statutes Annotated, page 1046. From this judgment plaintiff prosecutes this appeal.

The provisions of section 796, *supra*, are mandatory, and if this last demurrer was properly ruled the judgment must stand. [Beardslee v. Morgner, 73 Mo. 22; Gordon v. Burris, 125 Mo. 39, 42; Everett v. Glenn, 35 S. W. (2d) 652.]

The grounds of the demurrer to the third amended petition were that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant, and that it shows on its face that plaintiff's cause of action is barred by limitations under the provisions of section 862, Revised Statutes of Missouri, 1929, Missouri Statutes Annotated, page 1143.

The petition is very long and we deem it unnecessary to burden the record by setting it out in *haec verba*. The purposes of this review will be served by merely summarizing, for the most part at least, the facts alleged in the petition, which are as follows:

Plaintiff was born April 6, 1879, in Lansing, Michigan, of the parentage of A. E. Johnson and Catherine Johnson. In 1881, following the death of plaintiff's father, plaintiff's mother entered into a contract with George Wagner, by the terms of which her mother gave plaintiff to the said George Wagner and renounced all rights of control over and claims to plaintiff, and the said George Wagner agreed to take plaintiff into his home and to adopt her as his heir. Said Wagner took plaintiff to his home, giving her the name of Cora Wagner, and at all times thereafter treated her as his child.

Plaintiff and her mother complied with the conditions of the contract by them to be performed, but the said Wagner "neglected and failed to make or cause to be made a deed of adoption or to put into legal execution on his part his promise and consideration in said contract between him and plaintiff's mother contained."

On July 3, 1919, George Wagner died, leaving a pretended will wherein plaintiff was not mentioned. On March 2, 1923, plaintiff filed suit against Frank Petree, as the duly appointed and acting Administrator with Will annexed of the Estate of George Wagner, deceased, and others named as beneficiaries in said will, wherein she alleged substantially the same facts as above set out, and wherein she prayed that the court decree her to be the adopted child of George Wagner, deceased, and his pretermitted heir, and that as to her the said George Wagner died intestate.

Before the case was reached for trial at the succeeding May Term of court, but after depositions had been taken which, it is alleged, supported all the facts alleged in plaintiff's petition in that suit, de-

fendant Petree, Administrator (now quoting the concluding portion of a sentence from the petition in the instant case), "falsely stated and represented to the plaintiff and to her then attorneys that although she was entitled to her decree and judgment as she had sued for by which she would be decreed to be the adopted child and pretermitted heir of George Wagner, deceased, and that as to her said Wagner died intestate, he falsely and fraudulently represented and stated to her that said estate was of small value, the notes held by said George Wagner against one . . . amounting to about $60,000 was entirely worthless and not worth the paper they were written upon as the man had lost everything in some investments he had made, and because of that the total assets of said estate of any value after payment of the debts and costs of administration would amount to less than ten thousand ($10,000) dollars and the said Petree stated to her that if she would accept now the sum of five thousand dollars in full of her share he would agree to let judgment be rendered in her favor in the said suit against him and the defendants as prayed for in said petition, and he would pay her the said $5000, and knowing that he had the peculiar knowledge of the assets of said estate as had been inventoried by him she believed his statements as to the assets of said estate, and she agreed upon the condition as she believed and understood and as stated to her by said Petree that she would have judgment and decree entered against him and the other defendants, decreeing her to be the adopted child of said George Wagner deceased, and that as to plaintiff said George Wagner died intestate and her suit thereby terminated and said Petree and her attorneys drew a stipulation by which as she was informed by said Petree such a judgment and decree was entered up and made of record in said cause, and the said Petree paid to her said $5000 as he agreed to do, but the said statements and agreements as stated to her by said Petree were false and by said fraud, trick and artifice of said Petree said judgment was written in said stipulation that said cause was to be dismissed, and the plaintiff did not know of said trick and fraud and deceit that had been practiced upon her and her attorneys, and did not know that decree had not been entered against said Petree as aforesaid, nor that the statements as to the value of the assets of said estate were false and untrue until on or about the . . . day of April, 1932, when she discovered that the said notes referred to as worthless and so represented and stated to her by said Petree to be absolutely worthless had been paid in full, and collected by said Petree, who had kept silent and did not inform the plaintiff that his statement that they were worthless was untrue, and so when she did discover this fraud which had been perpetrated upon her inducing her to accept the sum of $5000 in full of her share as the adopted child of said George Wagner deceased, she then discovered for the first time that said judgment and decree was not entered against said

Petree and the defendants as had been agreed but that instead thereof the said Petree had by trick and deceit only had judgment rendered against her dismissing her cause instead of judgment for plaintiff against him upon the issues of her cause as he had stated to her and which had been agreed to by her upon his statement that he would let her have judgment and such decree against him and pay her the sum of $5000 as her share of said estate being the amount of same as she was induced to believe by him when he falsely stated that the estate was of small value and said notes were of no value.''

The petition further alleges that she accepted said $5000 as her full share in said estate, relying upon said Petree's agreement that a decree would be entered adjudicating her to be the adopted child and pretermitted heir of George Wagner, deceased, and believing that if the assets of the estate represented to be worthless should later prove of value, the said Petree would in such event notify plaintiff and account to her accordingly; that when she discovered in April, 1932, that said Petree had collected said notes represented to be worthless ''she then investigated and for the first time discovered that the judgment and decree in her favor against him had not been entered, but judgment dismissing her cause of action, whereupon she filed this suit to have an adjudication of her claim set up in said cause of action now adjudicated, which was not done in said agreement and of which adjudication she was deprived and defrauded by the said false statements, trick and artifice of said defendant Frank Petree as hereinbefore set out.'' This is followed by her prayer to be decreed the adopted daughter and pretermitted heir of George Wagner, deceased, and for such other, further and general relief as to the court may seem proper in the premises, and ''in the alternative, the plaintiff prays the court if the court upon hearing should be of the opinion and hold that said original cause was still pending, that same then be consolidated with and made a part of this cause, and the court then order entered in said combined and consolidated cause a decree declaring her, the plaintiff, to be the adopted daughter and pretermitted heir of said George Wagner deceased, and that as to plaintiff the said George Wagner died intestate, and plaintiff prays for all such other, further and general relief as to the court may seem meet and proper in the premises.''

The petition alleges an agreement for the adoption of the plaintiff, the full performance of the contract on the part of plaintiff and plaintiff's mother, and also performance on the part of the foster father except only his failure to perform the statutory requirements for adoption.

Upon ruling a demurrer, the averments of the petition must, of course, be taken as true. The rule is well-established in this State that an agreement for the adoption of a child, if established by clear and convincing evidence, and fully performed on the part of the

child, will be enforced in a court of equity. [Lynn v. Hockaday, 162 Mo. 111, 125; Sharkey v. McDermott, 91 Mo. 647; Buck v. Meyer, 195 Mo. App. 287; Carlin v. Bacon, 322 Mo. 435, 442.] We think it clear that the petition states sufficient facts to constitute a cause of action on an agreement for adoption.

Respondent, however, does not seriously contest the sufficiency of the petition on this ground. His principal contention is that the demurrer was properly sustained on the ground that the petition shows on its face that the cause of action is barred by the Statute of Limitations. We now pass to the consideration of this point.

The facts bearing upon the question of the bar of the Statute of Limitations may be summarized as follows: George Wagner, who agreed to adopt the plaintiff, died July 3, 1919. On March 2, 1923, plaintiff filed suit against the defendant, Frank Petree, as administrator with will annexed of the estate of George Wagner, deceased, wherein she sought to be declared the pretermitted heir of George Wagner.

The petition in the instant suit alleges that the petition in the suit filed on March 2, 1923, contained "substantially the same words and figures as hereinbefore set forth." By referring to the allegations in the instant suit, it appears that the petition in the former suit included the following allegations: ". . . that the said administrator, by virtue of said appointment to office, has proceeded to take charge of all the assets of said estate of George Wagner, deceased, and has undertaken to manage, sell and dispose of the same under and according to the directions in said instrument of writing and pretended will. Plaintiff further states that said instrument of writing and pretended will purports to convey to the executor all of the property of the deceased to be by him divided in accordance with the requirements of said instrument of writing and pretended will, among all of the other and above named defendants, and that the said above named defendants, and each of them, claim an interest in and to said property of George Wagner, deceased, and claim to be the owners of a portion of said property of which George Wagner died seized, all by virtue of said instrument of writing and pretended will; . . . that her name does not appear in nor is she mentioned directly or indirectly in said instrument of writing and pretended will."

At the May, 1923 Term of court a settlement was made and the suit was dismissed (plaintiff alleging, however, that the dismissal was fraudulently procured and contrary to the agreement to have a judgment entered decreeing her to be the adopted daughter of the testator). In April, 1932, she first discovered that defendant had collected $60,000 of notes which he had represented to plaintiff in May, 1923, as being worthless, and that she *then* investigated and discovered the alleged fraud of the defendant in having a judgment entered dismissing the suit rather than a decree in accord with said

alleged agreement. Thereafter, and on August 26, 1936, the original petition in the instant suit was filed—seventeen years after the death of the testator and slightly more than thirteen years after the first suit on the contract of adoption had been dismissed.

This is not, in a strict sense at least, a suit for specific performance of a contract. If it were, the cause of action would accrue upon the full performance by the party seeking to compel performance on the part of the defaulting party. It is, rather, a suit to have judicially determined the status of heirship of the plaintiff resulting from an executed contract. When does such an action accrue? Certainly it does not arise prior to the death of the foster parent for no one can be an heir of the living. This precise question has been ruled in the case of Carlin v. Bacon, 322 Mo. 435, l. c. 442. After stating that the status claimed to have resulted from an executed contract of adoption is that of heir of the foster parent, the court there said:

"Until rights incident to such status, or growing out of it, were denied, no cause of action with respect to it arose. . . . But when Lena Carlin (the alleged foster mother) died and the administration of her estate was brought to a close, plaintiff's right of succession to that estate, as heir and distributee, was denied by the administratrix and the collateral heirs. The cause of action sued on then first arose, and this suit was instituted immediately thereafter." and therefore within the period of the Statute of Limitations.

When plaintiff brought her prior suit on March 2, 1923, she alleged that the foster parent had died on July 3, 1919, leaving a large amount of real estate and personal property, and that the defendant administrator with will annexed had undertaken to sell and dispose of the same according to the directions of the pretended will which provided for a distribution of the assets of the estate among various other defendants named in that suit, each of whom, by virtue of said will which omitted plaintiff's name, was claiming to be the owner of a portion of the estate of which the alleged foster parent died seized. Thus, at the time the plaintiff's first suit was filed on March 2, 1923, her rights incident to the status of an heir had been challenged and under the ruling of Carlin v. Bacon, *supra*, if we correctly construe it, her cause of action had then accrued. Since the petition is not more specific as to the date of the denial of plaintiff's rights incident to the status of heirship, we can only say that the cause of action arose as early as the date of the institution of said suit on March 2, 1923. The petition does not state whether the alleged contract of adoption was written or oral, but the case is briefed on the theory that it was an oral agreement. But regardless of whether the five-year statute or the ten-year Statute of Limitations applies, it is apparent that the present suit is barred by limitation unless the statute has been tolled. Plaintiff, in effect, concedes this, for otherwise there would be no occasion for her effort to have the dismissal of her first suit declared

invalid on the ground of fraud and deceit. She would escape the bar of the statute upon the following theory:

A suit on the contract of adoption was instituted within the period of limitation. A judgment of dismissal was rendered in that case through the fraud and deceit of the defendant. It is alleged that the petition in the instant suit states the same cause of action as was stated in the suit which was dismissed in 1923. In addition, the petition in the instant suit alleges defendant's acts of fraud and deceit, from which (construing the prayer of relief in harmony with the contentions made in her brief), plaintiff is entitled to a decree setting aside the judgment of dismissal entered in the first suit on the contract of adoption and to have said cause of action reinstated as of the date of said dismissal.

It is plaintiff's contention that the fraud was not discovered until April, 1932, approximately nine years after the alleged fraud occurred, and that the suit was brought within five years after the discovery. Section 862, Revised Statutes of Missouri, 1929, Missouri Statutes Annotated, page 1143, provides:

"Within five years: . . . fifth, an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."

It is defendant's contention that the ten-year provision of the statute does not apply in this case, inasmuch as there are no allegations in the petition to the effect that the plaintiff could not have promptly discovered the facts constituting the fraud, by the exercise of due diligence under all the circumstances in the case. This point has been expressly ruled by the Supreme Court in the case of Brown v. Irving-Pitt Mfg. Co., 316 Mo. 1023, l. c. 1027-1030, 292 S. W. 1023. In passing upon the interpretation to be given to the ten-year provision of the statute, the court said:

"It is apparent that the limitation is conditioned on the aggrieved party having ten years to discover the fraudulent facts. The condition of ten years, however, is subject to the rule that one shall be deemed cognizant of or conversant with facts that should have been known, and one is held to have known facts that he could, by the exercise of ordinary care commensurate with the circumstances, discover by due diligence or the means within his power.

"The general doctrine relative to discovery of fraud, so as to take it without the bar of the statute, is to plead facts sufficient to relieve the pleader of the presumption of actual knowledge obtaining at the consummation of the agreement. A general charge of ignorance one time and of subsequent knowledge at another, as well as mere silence, is insufficient to toll the statute. Something further must be shown. To delete the presumption, the pleader should aver facts sufficient to show the exercise of requisite care and due diligence to discover the

fraudulent facts relied on, or that the means of acquiring knowledge were without his power, or that an artifice or trick to conceal was used, or that a fiduciary relation existed. When discovery is relied upon to toll the statute, the pleading should aver when it was made, what it was, how it was made and why it was not made sooner. [Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807.]''

In the case at bar, the petition discloses that the plaintiff was represented by counsel at the time the settlement stipulation was made and the judgment of dismissal was entered. There is no allegation that, following the rendition of this judgment, defendant ever made any statement or representation to plaintiff or to any representative of plaintiff, or to any other person, or took any affirmative action of any kind, to mislead the plaintiff as to the judgment that was entered in May, 1923, or that defendant did anything to prevent the discovery of the facts with respect to this matter. The petition alleges no act tending to lull plaintiff into inaction or to prevent discovery of the alleged fraud, nor does it allege any fact from which it could be inferred that by due diligence she could not have ascertained the facts constituting the fraud, which she alleges she did not discover for over nine years after they occurred.

When fraud is accomplished, the rights of the parties are fixed, and the cause of action is complete, and the Statute of Limitations begins to run, if by due diligence the wronged party could have promptly discovered the fraud (City of St. Joseph v. Wyatt, 274 Mo. 566, 203 S. W. 819), and unless the wrongdoer adds to his original fraudulent acts further action or conduct tending to conceal his fraud or to divert the wronged party from an investigation of the facts or to lull him into inaction, or unless a fiduciary relation exists between the parties. [State ex rel. v. Musick, 145 Mo. App. 33, l. c. 46; Obermeyer v. Kirshner, 38 S. W. (2d) 510, l. c. 514.]

The petition in the case at bar merely recites that the discovery of the collection of notes represented in 1923 as worthless was made in 1932, and that thereupon plaintiff investigated and ascertained that the judgment of dismissal had been entered contrary to the representations and agreement made at the time of the settlement with the defendant. In support of her position on this point, plaintiff relies principally upon the case of State ex rel. v. Stuart, 111 Mo. App. 478. We have examined this case, and the other cases cited by plaintiff, and find that they are so clearly distinguishable upon the facts that we deem it unnecessary to go into detail in pointing out the distinctions.

It follows from what we have said that plaintiff's cause of action is barred by the Statute of Limitations, and that the trial court properly sustained the demurrer to the petition. The judgment dismissing the suit and assessing treble damages necessarily followed by virtue of statutory mandate. The judgment is, therefore, affirmed. *Bland, J.,* concurs; *Shain, P. J.;* dissents.

DISSENTING OPINION.

SHAIN, P. J.—I cannot agree with the result reached and announced in the majority opinion subscribed to by my learned brothers.

In passing upon a demurrer to a plaintiff's petition all matters well pled are, as a matter of course, taken to be true. Plaintiff's petition in this case undoubtedly pleads a fully executed contract of adoption of plaintiff by George Wagner, deceased. In so far as demurrer is concerned, the plaintiff stands in the same relation to George Wagner, deceased, as if his own daughter.

From the language of plaintiff's petition it must be concluded that the estate of George Wagner, deceased, is open. In other words, the estate is still being administered in the probate court and defendant Petree is now the acting and duly authorized administrator. It must be further conceded that George Wagner died intestate as to his child and heir, the plaintiff herein.

The elemental question involved in passing on sufficiency of plaintiff's petition in this case is that of the Statute of Limitations. The fundamental principles of the Statute of Limitations are two: First, something must happen to put the statute in motion; Second, once placed in motion, nothing stops the running thereof.

The question presented in this case is as to whether or not there is any language contained in plaintiff's petition from which it can be concluded that the Statute of Limitations was put in motion against the plaintiff, a child and heir of deceased, so as to bar her rights that passed to her by inheritance.

We know of no act or event that will start the statute running against a child and heir, pending the administration of an estate, other than an adjudication and a decree in a suit of equity. In our opinion the mere refusal of an administrator to recognize one as the child of deceased will not put the statute in motion. It is true that if an administration is brought to a close under the supervision of the probate court the Statute of Limitations is put in motion against any and all claimants not therein included.

To our way of thinking, much of that part of plaintiff's petition, referring to former suit started March 2, 1923, is mere surplusage which has brought confusion to the real issue herein presented. We conclude that the filing of said suit was not based upon any fact as can be concluded as a legal denial of plaintiff's claim as an heir. No issues were ever joined in said case, and whether rightfully or fraudulently dismissed matter not. However, if the pleadings referred to above be considered, the conclusion to be drawn therefrom is that instead of denying plaintiff's right as a child, her right as a child appears to have been conceded and she was paid her full share of the then estimated value of her father's estate.

There is made reference in plaintiff's petition to a stipulation entered into when suit in 1923 was pending. Said stipulation is not set forth and conceding allegations of plaintiff's petition as true, then plaintiff's right to a "share" in said estate was admitted. We conclude that the facts stated concerning former suit do not show such a denial of plaintiff's right as a child and heir as will justify a conclusion that the Statute of Limitations began to run against her right as an heir to assets, then erroneously thought worthless but which thereafter were realized on in full. The judgment should be reversed and cause remanded for trial. We conclude that the majority opinion is in direct conflict with the Supreme Court ruling in Gartin v. Bacon, 322 Mo. 435, and ask that this cause be certified to the Supreme Court of Missouri.