CORA WAGNER FOSTER, Appellant, v. FRANK PETREE, Administrator of the Estate of GEORGE WAGNER ET AL.—149 S. W. (2d) 851.

Division One, April 18, 1941.

*Horace Merritt* and *L. F. Randolph* for appellant.

*J. R. Eiser, Pettijohn & Eiser* and *Petree & Wright* for respondents.

DOUGLAS, J.— This suit for fraud went from Holt to Nodaway County on a change of venue. The trial court held three peti-

tions insufficient on demurrer. It rendered a judgment dismissing plaintiff's suit and assessing treble costs against her, in conformity with Section 948, R. S. 1939, Mo. Stat. Ann., sec. 796, p. 1046. Plaintiff then appealed to the Kansas City Court of Appeals which court transferred the case here upon the dissent of one of the judges, who believed the majority opinion in conflict with a ruling of this court. [Foster v. Petree (Mo. App.), 141 S. W. (2d) 131.] Despite this procedure we rehear and determine the case the same as if we had received it by ordinary appellate process. [Const. Amend., Art. VI, Sec. 6.]

The case being before us on a demurrer to the petition, we are necessarily limited to the averments of the petition for the facts. Such as are well pleaded must be considered as true.

The petition is very long and the issues are confused. We will state the facts briefly. When the plaintiff was two years old and after the death of her father, her mother made a contract with George Wagner, the deceased, by which her mother gave plaintiff to Wagner and renounced all her rights in plaintiff. Wagner agreed to take plaintiff into his home and to adopt her as his heir. Plaintiff was taken by Wagner into his home and to all intent she became his natural daughter and took his name and performed all the duties of a natural child. However, Wagner "neglected and failed to make or cause to be made a deed of adoption or to put into legal execution on his part his promise and consideration in said contract between him and plaintiff's mother contained."

Wagner died in 1919 leaving a will in which plaintiff was not named. She filed suit in 1923 while Wagner's estate was in the process of administration against Petree, the administrator with the will annexed, and others named as beneficiaries in the will, seeking to be declared Wagner's adopted child and his pretermitted heir and for a decree that Wagner, as to her, had died intestate.

Before that suit was tried Petree, who was representing himself and the other defendants, admitted that plaintiff was entitled to a decree declaring her to be the adopted daughter of Wagner but advised her that $60,000 of notes held by the estate were valueless and the net worth of the estate was only $10,000, and by such misrepresentation induced her to accept $5,000 as her share as a pretermitted heir of Wagner's estate. A decree was to be entered declaring her to be Wagner's adopted daughter but instead, because of artifice on the part of Petree, her petition was dismissed.

In April, 1932, plaintiff discovered that the $60,000 of notes, instead of being valueless, were of full value and had been collected in full by Petree and such proceeds were being held by him as administrator. In August, 1936, while administration of Wagner's estate was still open, she filed this suit stating the above facts and asking that she be declared the adopted daughter and pretermitted heir of Wagner, and that Wagner be adjudged to have died intestate as to her.

■ The petition stated sufficient facts to have supported a decree of adoption and respondent does not dispute these allegations. Respondent's principal contention is that the demurrer was properly sustained on the ground that the cause of action is barred by the Statute of Limitations.

If this is strictly a suit to establish heirship, then the time when such a cause of action accrues has been decided in the case of Carlin v. Bacon, 322 Mo. 435, 16 S. W. (2d) 46. In that case the plaintiff sought to be declared the legal heir of William and Lena Carlin through the operation of an executed oral contract of adoption. We held that such a cause of action first arose when the plaintiff's status as an heir, or rights incident to such a status were *denied*. There we found such denial came when the estate was brought to a close and plaintiff's right of succession as heir and distributee was denied by the administratrix and the collateral heirs.

In the instant case the petition does not allege any facts which even tend to show any denial whatever of plaintiff's status as an heir of Wagner's estate. It might be inferred that such a situation existed when plaintiff's first suit was filed in 1923 but there is no such allegation. To the contrary, the facts pleaded dispel any such inference. No denial, or any answer whatever was made to the petition in that suit. The petition alleges that the administrator c. t. a. admitted plaintiff was the adopted child and pretermitted heir of his testator. In the face of these facts and under the ruling of the Carlin case it is evident that we cannot sustain such argument that the Statute of Limitations would prevent the entry of a decree adjudging heirship.

On the other hand, as we analyze the petition it is our conclusion that the cause of action alleged is one for fraud and deceit on the part of the administrator c. t. a. in inducing the plaintiff to accept only a small payment as her share of the estate. The prayer asking that plaintiff be formally adjudged an heir is but an incident to the relief desired.

■ Considering the case in this category we find that nine years elapsed before the fraud was discovered, and this suit was instituted properly within the five-year period thereafter. The question is raised whether there were sufficient facts pleaded to show that plaintiff was diligent in discovering the fraud under the rule requiring the pleading to have full averments about the discovery of the fraud and why it was not discovered earlier. This rule is generally applicable to our statute, Section 1014, R. S. 1939, Mo. Stat. Ann., sec. 862, p. 1143, as follows: "Within five years: . . . . fifth, an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."

We have discussed the above statute in the case of Brown v. Irving-Pitt Mfg. Co., 316 Mo. 1023, 292 S. W. 1023, where we said: "It is

apparent that the limitation is conditioned on the aggrieved party having ten years to discover the fraudulent facts. The condition of ten years, however, is subject to the rule that one shall be deemed cognizant of or conversant with facts that should have been known, and one is held to have known facts that he could, by the exercise of ordinary care commensurate with the circumstances, discover by due diligence or the means within his power.''

This rule, however, is subject to qualification where a relation of trust and confidence exists between the parties. When a plaintiff is lulled into a sense of security by reason of such relationship, rendering it the duty of the defendant to disclose the truth he is under no duty to make inquiry, and the statute does not begin to run until actual discovery of the fraud. [37 C. J., sec. 317; Thompson v. Lyons, 281 Mo. 430, 220 S. W. 942; Bent v. Priest, 86 Mo. 475; Selle v. Wrigley, 233 Mo. App. 43, 116 S. W. (2d) 217. See also Stoff v. Schuetze, 293 Mo. 635, 240 S. W. 139.]

We find an old case which, because of the facts, is peculiarly apposite here. In Picot v. Bates, 39 Mo. 292, suit was filed by representatives of a distributee against an administrator to set aside a false and fraudulent settlement whereby the distributee was defrauded of her share in the estate. We held there to the effect that no cause of action accrued until the discovery of the fraud. We also announced the further rule: ''To a suit by a distributee for his share against an administrator, holding the fund in trust, the Statute of Limitations does not apply. No lapse of time is a bar to a direct trust, or a fraud, as between trustee and beneficiary. . . . There is no express statute provision here which has a particular application to a case of this kind, and modifies the rule of equity.'' We cited in support the case of Rubey v. Barnett, 12 Mo. 3. [See also 24 C. J., sec. 1972.] We have already pointed out that the petition indicates that the administration is still open and the administrator is in possession of the estate.

We find the petition was sufficient and the demurrer should have been overruled.

The judgment of dismissal is reversed and the cause is remanded with directions to reinstate the petition and to try the cause on its merits. All concur.