CORA WAGNER FOSTER v. MINA WRIGHT, ADMINISTRATOR DE BONIS NON
WITH WILL ANNEXED OF THE ESTATE OF GEORGE WAGNER, DE-
CEASED.—187 S. W. (2d) 974.

Kansas City Court of Appeals. May 21, 1945.

*Horace Merritt, L. F. Randolph* and *Walter A. Raymond* for ap-
pellant.

No brief for respondent.

SPERRY, C.—This is a suit brought by Cora Wagner Foster, plaintiff, against Mina Wright, administratrix *de bonis non cum testamento annexo* of the estate of George Wagner, deceased, defendant. Defendant filed a plea in abatement alleging that she was not at the time of trial, nor on the date the suit was instituted, administratrix *de bonis non cum testamento annexo* of the estate of George Wagner, deceased. After receiving evidence in support of the plea the court sustained same and dismissed the petition, from which order and judgment plaintiff appeals.

Plaintiff pleaded to the effect that one George Wagner departed this life, testate, on July 3, 1919, leaving no children or descendants; that she was reared by deceased under a contract of adoption which she had fully performed but which deceased had not carried out; that plaintiff was not mentioned in the will; that Frank Petree became and was the executor of the estate of deceased; that on March 2, 1923, she sued said executor, and others named in said will as heirs and beneficiaries, praying that the court decree plaintiff to be the adopted child and sole heir of deceased; that thereafter deceased's widow died without having made any election under the statute; that said executor represented to plaintiff that the net value of the estate was $5000; that plaintiff agreed to and did accept the sum of $5000, in full of her claim, under the mistaken belief that such was the full net value of said estate; that it was agreed that a decree of adoption should be entered in plaintiff's favor, but the same was never entered; that thereafter a note in the sum of $27,755.30, owned by the estate, was paid in full; that said executor failed to inform plaintiff of the collection of said note, although it was his duty so to do and plaintiff trusted him to do so; that she did not discover that such collection had been made until on or about —— day of April, 1932; that she then first learned that no decree of adoption had been entered as theretofore agreed; that on August 26, 1936, she filed suit in Circuit Court

against Petree, and other persons claiming to be beneficiaries and distributees under the will of deceased, setting up the above stated facts; that while said cause was pending Petree died and defendant Mina Wright was duly appointed, and is now the administratrix *de bonis non cum testamento annexo* of the estate of deceased; that said suit was voluntarily dismissed October 8, 1941; that the instant suit was filed within less than one year after such dismissal. She prayed that she be adjudged to be the adopted child and sole heir of deceased and thereby entitled to receive the whole of his estate; that the order and judgment of the Probate Court giving effect to plaintiff's agreement to accept $5000 in full settlement of her claim against said estate be set aside; that said Probate Court be ordered to direct defendant to collect all moneys wrongfully distributed to alleged beneficiaries under the will; and to pay over to plaintiff all sums remaining after compliance with the above requested order and payment of costs.

To the above petition defendant filed plea in abatement and offered documentary evidence in support thereof, to the following effect: That plaintiff dismissed her former suit on October 8, 1941; that defendant caused first notice of intended final settlement of said estate to be published on October 9, 1941; that said notice was duly published in four weekly editions of a legally qualified newspaper, whereby legal notice was given to all that final settlement of said estate would be made November 10, 1941; that proof of publication of notice of final settlement was duly made and approved November 10, 1941; that statement of final settlement and vouchers in support thereof were filed and approved on said date; and that defendant was duly discharged, as administratrix *de bonis non cum testamento annexo,* of the estate of George Wagner, deceased, by order of Probate Court, November 12, 1941.

Plaintiff, in her brief, says that judgment, adverse to her, was rendered by the trial court in the suit which she instituted in 1936; that she appealed same to this court, where said judgment was affirmed, 141 S .W. (2d) 131; that the cause was certified to the Supreme Court where the judgment of the trial court was reversed and the cause remanded for trial on the merits, 149 S. W. (2d) 851, 347 Mo. 992; and that the instant suit "is merely a refiling within 12 months after dismissal."

The Supreme Court, in the case before it, noted that the estate was, at that time, open, and that the administrator was in possession of the assets.

Documentary evidence above referred to tends to prove that defendant, herself, did not deceive or defraud plaintiff; that she received, as assets of the estate, $312.64 from Petree, and the records do not disclose that she ever, thereafter, received any further property or funds belonging to said estate from any source; that she disbursed said funds in the course of her administration; that such dis-

bursements were duly approved by the Probate Court; that she was fully discharged on November 12, 1941; and that the present suit was instituted on October 6, 1942, eleven months after defendant's discharge as administrator *de bonis non cum testamento annexo* of the estate of George Wagner deceased.

One who is not a personal representative may set up this fact as a defense to an action against him as such, unless he has done some act which will estop him to deny his representative capacity. [24 C. J. 752; Borden v. Thorpe, 35 N. C. 277, 1. c. 282; Wise v. Brocker, 1 Colo. 550, 1. c. 551.]

Defendant had done nothing to estop her to deny her representative capacity. On the contrary, she had, so far as the record discloses, fully performed her duties and had been discharged as administratrix long before the instant suit was filed. The judgment of the Probate Court approving the final settlement and discharging defendant as administratrix closed administration and ended defendant's status as administratrix.

Ordinarily, such a settlement must be seasonably and directly assailed in order to void its effect as a judgment importing absolute verity, Williams, Adm'r. v. The Heirs of Petticrew, 62 Mo. 460, 1. c. 466; but if, in fact, the estate has not been fully administered, as where demands or claims are pending and undisposed of, or if due publication of notice of final settlement was not had, then a purported final settlement is void and may be collaterally attacked. [State ex rel. v. Holtemp, 266 Mo. 347, 1. c. 368, 369.] However, in the case at bar, there was no claim or other litigation affecting the estate pending in any court at the time notice was published, final settlement made, and the administratrix discharged.

The 1936 case was ended by its dismissal. [Kames v. The American Fire Insurance Company, 53 Mo. App. 438, 1. c. 440.] A judgment of nonsuit is a complete determination of the suit, although not an adjudication of the merits. [Wiethaupt v. St. Louis, 158 Mo. 655, 1. c. 659.]

The order and judgment discharging defendant as administratrix was properly made. When this suit was begun she was not the administratrix of the Wagner estate and cannot be sued as such.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.