CORA WAGNER FOSTER, Appellant, v. JAMES H. PETTIJOHN, Executor of the Estate of MINA WRIGHT, Deceased, and E. F. KEARNEY, Judge of the Probate Court of Holt County, Missouri, Respondents.—No. 40670.—213 S. W. (2d) 487.

Division Two, July 12, 1948.

Motion for Rehearing or to Transfer to Banc Overruled, September 13, 1948.

*Horace Merritt* for appellant.

*Pettijohn & Eiser* for respondents.

[488] BOHLING, C.—This is a proceeding in equity wherein Cora Wagner Foster seeks the enforcement of an alleged oral contract of adoption; that is, to be decreed the adopted daughter of George Wagner (who died in 1919), and other relief, claiming an interest approximating $25,000 to $30,000 in decedent's estate, which she alleges was not accounted for or, principally, was wrongfully distributed. This suit was brought May 18, 1946, against Mina Wright, as an individual, and Mina Wright, administratrix cum testamento annexo de bonis non of the estate of George Wagner, deceased, and Mina Wright, executrix of the estate of Frank Petree, deceased; and E. F. Kearney, Judge of the Probate Court of Holt county, Missouri. Separate motions of the several defendants to dismiss plaintiff's original petition and thereafter her amended petition were sustained. The grounds, among others, alleged were that the respective petitions failed to state a claim against defendants; that plaintiff's claims were barred by limitations and that the respective petitions improperly united several claims against defendants. Plaintiff appealed.

Mina Wright died pending the appeal. Plaintiff had the cause revived against James H. Pettijohn, executor of the estate of Mina Wright, deceased, who entered his appearance; and on April 28, 1948, plaintiff submitted her appeal for determination.

Plaintiff's original cause of action had been twice appealed.[1] The instant petition, as has been observed of prior petitions, is long and verbose in averments, setting forth evidence and conclusions of the pleader in addition to facts, and the claims or issues are confused. (See 235 Mo. App. l. c. 416, 141 S. W. 2d l. c. 132.) Section 35 of the new Civil Code (Laws 1943, p. 369, Mo. St. Ann., Sec. 847.35[2]) provides that: "Each averment of a pleading shall be simple, con-

---

[1]Foster v. Petree, 235 Mo. App. 414, 141 S. W. 2d 131, (on certification) 347 Mo. 992, 149 S. W. 2d 851; Foster v. Wright (Mo. App.), 187 S. W. 2d 974.

[2]Statutory references are to Mo. R. S. 1939 and same section numbers in Mo. R. S. A., unless otherwise noted.

cise, and direct." Section 36, Id., provides: "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ." The Code requires a statement of the constitutive facts, not the conclusions of the pleader, showing claim-. ant entitled to relief, as well as a demand for judgment for the relief desired. Langenberg [489] v. St. Louis, 355 Mo. 634, 640[1], 197 S. W. 2d 621, 624[1]. Giving consideration to the Code provisions, we endeavor to limit our statement to the essential averments of fact.

Plaintiff alleges George Wagner orally agreed to adopt her about 1881, when she was about two years of age, and she was reared in the home of said Wagner and his wife and performed her part of the agreement; that Wagner died testate July 3, 1919, the owner of real and personal property; that his will gave most of his estate to his widow; that Wagner had failed to file letters of adoption and plaintiff was not mentioned or provided for in his will; that on March 2, 1923, plaintiff sued Frank Petree, administrator with the will annexed of said Wagner's estate, and the beneficiaries named in said will and heirs of said Wagner, praying to be decreed Wagner's adopted child and pretermitted heir; that Petree represented certain notes in said estate were worthless and plaintiff's share as the child of said Wagner would not exceed $5,000, and agreed to pay plaintiff $5,000 and to give judgment of adoption and to pay her a child's share in said estate; that said administrator paid plaintiff's attorneys $5,000 but no decree that plaintiff was said Wagner's adopted child was ever entered; that thereafter said worthless notes were paid, said Petree receiving about $29,000; that plaintiff learned about April 1, 1932, of said payment and-that the judgment had not been entered; that on August 26, 1936, "within ten years from the date of payment to her of said $5,000" and within five years of her discovery of said fraud, she sued said administrator and the beneficiaries and heirs aforesaid, praying for a "decree establishing her status as the adopted daughter and pretermitted heir of said" Wagner and awarding her the remainder of said estate, alleging fraud on the part of said administrator respecting said "worthless notes." A demurrer was sustained to plaintiff's said petition. Plaintiff appealed to the Kansas City Court of Appeals, which court affirmed said judgment (235 Mo. App. 414, 141 S. W. 2d 131), but the Supreme Court, upon certification, reversed the judgment and remanded the cause for trial upon the merits (347 Mo. 992, 149 S. W. 2d 851). Frank Petree, administrator aforesaid, died soon thereafter. Mina Wright thereupon became administratrix cum testamento annexo de bonis non of said Wagner's estate. She filed an answer denying plaintiff was the adopted child of said Wagner. On October 8, 1941, plaintiff voluntarily dismissed said original suit.

Plaintiff (quoting) "did file said cause of action over again within twelve months," to wit: on October 5, 1942, against Mina Wright as administratrix aforesaid. Said administratrix filed a plea in abatement alleging that the estate of said Wagner had been fully administered and defendant discharged as administratrix thereof. The court sustained said plea and entered judgment dismissing plaintiff's said petition. This judgment was affirmed by the Kansas City Court of Appeals (187 S. W. 2d 974).

In addition to the principal cause of action set forth in plaintiff's original suit, plaintiff's instant amended petition mentions additional claims. It charges Oklahoma deed records show that Petree, as administrator aforesaid, sold certain Oklahoma lands belonging to the estate of George Wagner, deceased, in 1927, and received $5,100 therefor; that Petree misappropriated said money, and that Mina Wright, as administratrix aforesaid, knew said fact when she received her discharge as administratrix. There is no charge that she ever received any of said money. Another charge is that about six months after her discharge as administratrix aforesaid, Mina Wright sold "as administrator in Missouri and not in Oklahoma," the interest of George Wagner, deceased, in certain Oklahoma real estate for "a consideration of $10.00 subject to taxes and incumbrances" and failed to account therefor.

Plaintiff prayed that she be decreed the adopted daughter of said Wagner; that the orders of the probate court affecting said estate be declared void, including, among others specifically mentioned, the order and judgment giving effect to the settlement of plaintiff's share and the approval of the final settlement of said estate; that Mina Wright, as executrix of the estate of Frank Petree, deceased, account for the aforementioned $29,000 collected by Petree and the aforesaid $5,100 Petree received for [490] Oklahoma real estate, and also the $10 she failed to account for, et cetera, and that plaintiff be decreed the owner of the assets in said estate.

Plaintiff was not a natural child of testator and his will did not mention or provide for her. Plaintiff, to prevail, must be in a position to establish herself as the adopted child of deceased and prove her charges of fraud against Frank Petree. Section 1014, provides that actions for fraud are to be brought within five years, to wit: "fifth, an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Thus, the action is to be brought within fifteen years in any event and if the fraud be discovered prior to the lapse of ten years, then within five years after its discovery. Plaintiff discovered the fraud respecting the "worthless notes" in April, 1932; and her original suit of 1936 was held to be timely and the cause was remanded in April, 1941, "with directions to reinstate the petition

and to try the cause on its merits." Foster v. Petree, 347 Mo. 992, 994[3], 149 S. W. 2d 851, 853. She, however, voluntarily dismissed that case October 8, 1941, and refiled it October 5, 1942, against Mina Wright, as successor administratrix to Petree. Said administratrix's plea in abatement was sustained and the cause dismissed. That judgment was affirmed May 21, 1945, on the ground that the estate of George Wagner, deceased, had been finally settled and the said Mina Wright fully discharged as administratrix thereof in November, 1941, and at a time when no proceedings were pending in said estate and, hence, the action could not be maintained against said Mina Wright in her representative capacity after her discharge as administratrix. Foster v. Wright (Mo. App.), 187 S. W. 2d 974.

Plaintiff says she filed the instant suit on May 18, 1946, and within one year of the aforesaid judgment of May 21, 1945, dismissing her suit of October 5, 1942, which followed her voluntary dismissal on October 8, 1941, of her 1936 suit; and she contends the refiling of her suits within one year after the dismissal of her last prior suit has kept her cause of action alive under the saving provisions of Sec. 1026. Section 1026 is to the effect that if an action be timely commenced within the provisions of Arts. 8 and 9 of Ch. 6, R. S. 1939, "and the plaintiff therein suffer a nonsuit . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . " In construing similar statutes of other states it has been held that a plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit; and that new actions are not authorized after the lapse of the limitation period and a year after the original nonsuit. Hunter v. Ward (C. C. A. Ark.), 15 F. 2d 843; Denton v. City of Atchison, 76 Kan. 89, 90 P. 764; Walker v. L. E. Meyers Const. Co., 175 Okl. 548, 53 P. 2d 547, 549; United States F. Ins. Co. v. Swyden, 175 Okl. 475, 53 P. 2d 284, 285[2]; Morrow v. Atlanta & C. A. L. Ry. Co., 84 S. C. 224, 244, 66 S. E. 186, 19 Ann. Cas. 1009; Annotation, 83 A. L. R. 487(VI); 34 Am. Jur. 226, Sec. 279, n 5; 54 C. J. S. 345, Sec. 287 (a). See quoted observation in Kline v. Groeschner, 280 Mo. 599, 612(IV), 219 S. W. 648, 651[9].

What we have just said would dispose of the main charge against defendants; that is, plaintiff's original claim based on the alleged $29,000 fraud of 1923 and originally against Petree as administrator aforesaid and the beneficiaries and heirs of testator. In addition, the instant appeal stands submitted by plaintiff for determination against Mina Wright as an individual through James H. Pettijohn as executor of the estate of Mina Wright, deceased, and against E. F. Kearney, as Probate Judge aforesaid, respondents here, and plaintiff seeks to inject additional claims, to wit: the $5,100 fraud occurring in 1927 and a $10 fraud alleged to have occurred after the

closing of the said Wagner estate. The saving provisions of Sec. 1026, supra, apply only where the cause of action in the second suit is the same cause of action alleged in the first suit and the parties defendant in the second suit are the same as the parties [491] defendant in the first suit. Meddis v. Wilson, 175 Mo. 126, 134, 74 S. W. 984, 986; St. Charles Sav. Bk. v. Thompson, 284 Mo. 72, 87, 223 S. W. 734, 737[3]; Kissane v. Brewer, 208 Mo. App. 244, 254, 232 S. W. 1106, 1109[5]. Consult Annotation, 3 A. L. R. 824. See remarks in Chestnut v. Mertz (Mo. App.), 144 S. W. 2d 194, 196. Said respondents were strangers to plaintiff's prior suits and not in privity with the former defendants. There exists no fiduciary relationship between them and plaintiff. When the instant suit was commenced in 1946 twenty-three years had lapsed since the commission of the alleged fraud of 1923 and fourteen years had lapsed since its discovery by plaintiff. The plea of Sec. 1014, supra, of the statute of limitations is well taken.

Plaintiff's petition does not charge E. F. Kearney with fraud. The complaint is that error was committed in the orders and judgments entered in the probate court in the administration of the estate of George Wagner, deceased. This is not the statement of a cause of action against him.

Mina Wright was also sued in the trial court as administratrix d. b. n. c. t. a. of the estate of George Wagner, deceased, and also as executrix of the estate of Frank Petree, deceased. Plaintiff's right to sue her as administratrix aforesaid has passed into the realm of things adjudged, plaintiff's cause of action against said defendant in said representative capacity having been held not maintainable under the facts in Foster v. Wright (Mo. App.), 187 S. W. 2d 974. The opinion in that case states the documentary evidence established that Mina Wright had committed no fraud against plaintiff but had accounted for all assets coming into her hands. (187 S. W. 2d l. c. 975.)

What we have said hereinbefore respecting limitations would apply to Frank Petree individually, represented by Mina Wright as executrix of the estate of Frank Petree, deceased, in the trial court.

The record recites that "documentary evidence referred to by the court in his memorandum" upon dismissing plaintiff's original petition herein by agreement was also to be considered in ruling the motions to dismiss the amended petition. The trial court should not be convicted of error if documentary evidence was before it by agreement without also considering said evidence upon review. Plaintiff has not included all documentary evidence mentioned in said memorandum. The trial court found that by the settlement of 1923 plaintiff received the $5,000 in full satisfaction of her claims against the estate of said Wagner. Plaintiff had a right to thus settle. She has no interest in the estate if she settled in full and it would be too

late in 1946 under Sec. 1014, supra, to overturn said settlement on the ground of fraud by the defendants. Plaintiff now says the $5,000 was a partial payment. Her original petition herein sustains the finding of the trial court that the $5,000 was payment for her share in the estate. The statements of the facts in the suit of 1942 (Foster v. Wright (Mo. App.), 187 S. W. 2d 974) and the suit of 1936 (Foster v. Petree, 235 Mo. App. 414, 417, 141 S. W. 2d 131, 132) also show plaintiff pleaded that said $5,000 was payment in full of her claims against said estate. They are mentioned in said memorandum. It would not be necessary to set aside said settlement if the $5,000 payment did not destroy plaintiff's rights, but her prayer for relief specifically asks that the judgment of the probate court "giving effect to said purported settlement of plaintiff's share in said estate be vacated, set aside and for naught held."

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy* and *Ellison, JJ.*, concur; *Tipton, P.J.*, not sitting.