Florastine BURR, Appellant,

v.

NATIONAL LIFE & ACCIDENT INSUR-ANCE COMPANY and Billy Ray Carliss, Respondents.

No. WD 34523.

Missouri Court of Appeals, Western District.

Jan. 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 28, 1984.

Application to Transfer Denied April 16, 1984.

Richard W. Niederhauser, Byron Neal Fox, P.C., Kansas City, for appellant.

Robert M. Beachy, Kansas City, for respondents.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Plaintiff appeals the dismissal of her petition against defendants National Life & Accident Insurance Company ("National") and Billy Ray Carliss on the grounds that 1) the five-year statute of limitations under Section 516.120 RSMo.1978[1] bars plaintiff's petition, 2) the petition fails to state a claim upon which relief may be granted, and 3) the doctrines of collateral estoppel and res judicata bar the pursuit of plaintiff's petition.

The procedural history of plaintiff's first attempt at a lawsuit against one of the defendants in the present action, David Harding,[2] provides background to this appeal. Plaintiff originally filed a pro se petition against Harding, attorney at law, on July 10, 1981. Although captioned "Petition for Malpractice," the petition appears an attempt to state allegations of fraud related to Harding's representation of plaintiff in a bankruptcy claim against one Melvin G. Henderson. Harding moved to dismiss the petition on August 18 for failure to state a claim or in the alternative to strike the petition as replete with "immaterial, impertinent, and scandalous statements." Plaintiff was granted until September 28, 1981 to submit suggestions in opposition to Harding's motion. In the meantime plaintiff obtained counsel, Curtis Crawford, who entered his appearance on October 26 and moved for additional time to respond to Harding's motion. The court refused to extend the time and dismissed the petition with prejudice on November 13, 1981. An untimely notice of appeal thwarted any appeal.

On October 12, 1982 plaintiff filed a new petition in two counts, this time through an attorney, again naming Harding as a defendant and adding as co-defendants National and Carliss. Harding and Carliss were sued individually and as agents of National. The petition alleges that on or about July 29, 1976, Harding and Carliss "falsely and fraudulently and with the intent to induce plaintiff to provide information concerning one Melvin G. Henderson and further, to allow defendant David M. Harding to represent her interest in her cause of action against said Melvin G. Henderson represented to plaintiff as follows ...:" Plaintiff was to cooperate and help defendants "secure and compile pertinent data" regarding Henderson to help plaintiff pursue a bankruptcy claim against Henderson. The information provided by plaintiff, the petition alleges, was used by Harding to help National secure its own claim against Henderson rather than to help plaintiff. She further alleged Harding's representation of plaintiff in her bankruptcy claim against Henderson was in conflict with his representation of National.

Harding's motion to dismiss the petition was sustained on November 19. It was based upon the res judicata effect of the previous dismissal of plaintiff's petition, the statute of limitations, and failure to state a claim. National and Carliss filed separate motions for summary judgment or in the alternative asked for dismissal for failure to state a claim and incorporated all of the grounds set forth in Harding's motion to dismiss in their own motions. On December 12, 1982, appellant, apparently

---

1. All statutory references are to RSMo.1978 unless otherwise indicated.

2. Plaintiff did not appeal the granting of Harding's motion to dismiss in the present action.

pro se, moved for an extension of time to respond to the motion of National and Carliss. The extension was denied, and the motion to dismiss granted upon all of the grounds requested. This appeal resulted.

Affirmance of the trial court may rest upon any one of the three grounds upon which dismissal of plaintiff's petition was premised. For this reason this opinion need only address in detail the first of three grounds, the statute of limitations issue.

■ A motion to dismiss may properly raise the issue of the statute of limitations where the petition shows upon its face that the action is barred. *Follmer's Market v. Comprehensive Accounting Service Company*, 608 S.W.2d 457, 458 (Mo.App.1980). Here more than five years lapsed between the events arising out of plaintiff's lawsuit ("on or about July 29, 1976") and the filing of plaintiff's lawsuit (October 12, 1982).

■ A cause of action for fraud accrues at the time the defrauded party discovered or in the exercise of due diligence, should have discovered the fraud, *Siler v. Kessinger*, 149 S.W.2d 890, 893 (Mo.App. 1941), although by statute discovery must fall within ten years of the alleged fraud, Section 516.120(5). The plaintiff maintains the duty to make inquiry to discover the facts surrounding fraud. Where the means of discovery exist, the plaintiff will be deemed to have known of the fraud so as to begin the running of the statute. *Briece v. Bosso*, 158 S.W.2d 463, 467 (Mo. App.1942). The party seeking to avoid the bar of the statute in an action for fraud must set forth in her pleadings "... facts which would toll the statute, showing due diligence on their part in attempting to discover the fraud; or that it was not within their power; or that the other parties had by artifice or trick concealed the facts; or that a fiduciary relation existed between them and the other parties." *Brink v. Kansas City*, 359 Mo. 311, 221 S.W.2d 490, 493 (1949). *See also Womack v. Callaway County*, 358 Mo. 850, 159 S.W.2d 630 (1942).

■ Where a relationship of trust and confidence exists between the parties, the duty required of a plaintiff to make inquiry and discover the facts surrounding fraud is qualified. *Foster v. Petree*, 347 Mo. 992, 149 S.W.2d 851 (1941). Because the fiduciary relationship creates a false sense of security, only *actual* discovery of the fraud serves to begin the period of limitations. *Foster*, 149 S.W.2d at 853; *Briece v. Bosso, supra.* The requirement of pleading facts demonstrating due diligence to discover the fraud therefore does not apply. *Foster, supra.*

■ Plaintiff argues she has pleaded properly through her allegations that "plaintiff placed explicit faith, trust, and confidence in the representation made by David M. Harding" (referring to Harding's role as her attorney) and "that plaintiff was not highly education (sic) and skilled in the language of lawyers or other professional men and relied solely and completely on the representations made by defendants David M. Harding and Billy Ray Carliss, agents of defendants, National Life & Accident Insurance Company, believing that each were working to protect her claim." Plaintiff's argument fails, however, for two reasons. First, no relationship of "trust and confidence" existed between the plaintiff and National and Carliss from which a reasonably prudent person could rely upon and thus avoid the duty to make inquiry. *See Foster, supra.* Although such a relationship may have been proven or existed between attorney Harding and plaintiff, Harding is not the subject of or a party to this appeal. Secondly, nowhere does plaintiff's petition state when nor under what circumstances *actual* discovery of the fraud occurred so as to begin running the statute. In short, the petition provides no basis for accrual of the cause of action except at the time the alleged misrepresentations were made and therefore the statute of limitations bars plaintiff's petition on its face.

■ Plaintiff next argues the court abused its discretion in dismissal of the petition because even though not requested, leave to amend should have been granted. Plaintiff cites no authority requiring a

trial judge *sua sponte* to grant a party leave to amend. Reliance upon *Burke v. City of St. Louis*, 349 S.W.2d 930 (Mo.1961) where the court states "It does not appear that at any time plaintiff either asked or *was given an opportunity* to amend her petition" (emphasis added) does not support plaintiff's broad proposition. Point I is ruled against plaintiff.

It should also be noted plaintiff's attempt at a petition in her second lawsuit, even though signed by an attorney, suffers from some of the same defects as her pro se petition. Like the first, the petition fails to state a cause of action in fraud. *See* Rule 55.15.

As conceded by trial counsel at oral argument, the doctrine of res judicata does not bar the pursuit of plaintiff's petition against National and Carliss, there being no identity of the parties in the two lawsuits. Neither does the doctrine of collateral estoppel bar plaintiff's present suit since the dismissal of the first petition was not an adjudication of the issues claimed to have been precluded. *See Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).

The judgment is affirmed.