## Bish v. The Hawkeye Ins. Co.

1. **Evidence:** SECONDARY: WHAT IS NOT. For the purpose of proving that a proof of loss by fire had been sent to the insurance company, it was competent for a witness to state that he carefully filled out a blank, and that whatever was required in filling it up was done, and that he sent it to the company. *Held* that such testimony did not purport to give the contents of the paper, and was not secondary.

2. **Fire Insurance:** DELAY IN BRINGING ACTION ON POLICY: WAIVER THROUGH AGENT. Where defendant's agent was authorized to settle plaintiff's loss for a certain sum, and the agent reported to plaintiff that he was authorized to settle the loss, and that he would do so, but failed to state the amount which he was authorized to pay, and by such statements induced plaintiff to forbear bringing his action within the six months limited in the policy, *held* that the company had waived the limitation, and that it was estopped to urge it to defeat an action brought after the expiration of the six months.

3. **Evidence:** INTENTION AND WISHES OF ANOTHER. A witness in this case was allowed to testify to the intention and wishes of another with whom he had had a conversation. *Held* no error.

### *Appeal from Adair Circuit Court.*

### THURSDAY, JUNE 17.

ACTION upon a policy of insurance. There was a judgment in the circuit court upon a verdict for plaintiff. Defendant appeals.

*R. W. Barger*, for appellant.

*Church & Hinkson*, for appellee.

BECK, J.—I.   The petition alleges the loss by fire of the property insured, its value, that proof of loss and the interest of plaintiff in the property was given to the defendant, and other facts, which need not be here stated. It is not shown upon what date the proof of loss was given, nor are its contents, or the purport thereof, shown. The answer

admits the fire, and the destruction of some of the property alleged to have been burned. Other allegations of the petition are denied. As a special defense, it is shown by the answer that the policy provides that no action shall be maintained thereon unless commenced within six months after the fire or damage to the property. It is then alleged that this action was not commenced until more than six months after the destruction of the property. As another special defense, it is shown that a condition of the policy requires that, in case of loss, the plaintiff shall give notice of the loss, and make proof thereof within sixty days; and it is alleged that no such proof was made, and no notice was given within sixty days after the loss. Plaintiff, replying to defendant's answer, admits that he did not bring the suit within six months after the destruction of the property, and that defendant agreed that, if suit was not brought, it would pay the loss. An amendment to the reply further alleges that "defendant refused and failed, after the loss,    *    *    * to adjust, or to take steps to ascertain, the extent of the loss," and refused to pay it.

II. It will be observed that the defenses set up by the answer are these: (1) The action, not being commenced within six months after the fire, is barred by the limitation prescribed in the policy. (2) The plaintiff failed to make proof of loss, and to give notice thereof, within sixty days thereafter.

The reply admits that the suit was not brought within six months, but alleges that the condition of the policy requiring it to be brought within that time was waived by the request of defendant for delay, and its promise of payment. The amended reply alleges the refusal of defendant to adjust or pay the loss. Counsel for defendant insist that the reply sets up contradictory matters. But we do not so understand this pleading. It sets up as a waiver of the condition to bring suit in six months, defendant's agreement to pay the loss, and, by the amendment, that it afterwards refused to

perform this agreement, and would neither adjust nor pay the loss, thus showing a waiver by an agreement, and the breach of that agreement. Counsel for defendant seem to understand the answer to plead a promise to pay, and a refusal to pay, both made at the same time. The refusal to pay alleged in the amended reply is to be regarded as a continuation of the matter of avoidance pleaded in the original reply.

The pleadings raise issues which involve these questions, and no others: (1) Was the condition requiring the action to be brought in six months waived by the request of defendant to delay the commencement of the action, and its agreement to pay the loss? (2) Is the action defeated by reason of the fact that plaintiff failed to present proof of loss and notice thereof within sixty days?

III. The cause was tried upon the theory that a failure of the plaintiff to commence suit within six months would bar the action, unless the defendant is estopped to plead the condition of the policy to that effect by defendant's request for delay and promise to pay. The court expresses this view of the law in instructions to the jury. The jury were requested to find, under instructions of the court, whether delay in the commencement of the suit was caused by the request and promise of defendant.

IV. Church, a witness for the plaintiff, testified that he sent a proof of loss to the defendant. He testified that he 1. EVIDENCE: carefully filled out a blank, and whatever was secondary: what is not. required in filling it up was done. The evidence was objected to on the ground that it was secondary, and did not purport to give facts, but conjectures only. The evidence was intended to prove the fact that proof of loss had been sent, not the contents or substance of the paper sent by the witness. He does not testify to the contents. The evidence was not secondary, and was competent to establish the fact that proof of loss had been sent. It is not subject to

the objection that the witness stated conjectures, and not facts. We think the evidence rightly admitted.

V. A witness, Bacon, testified that at the time and subsequent to the loss he was agent for defendant; that he

2. FIRE insurance: delay in bringing action on policy: waiver through agent.

called upon the officers of the defendant at their office, and asked them to settle the loss sustained by plaintiff. They authorized him to settle it by the payment of $37. Upon his return he informed plaintiff or his attorney that the defendant would settle the loss, and repeated this in frequent conversations, but he did not mention the sum he was authorized to pay. Before he had the interview with defendant's officers he had informed plaintiff's attorney that he intended to see them in regard to plaintiff's claim. The evidence tends to show that plaintiff relied upon the statements of Bacon, and because of them delayed the commencement of the suit.

The court instructed the jury, in effect, that, if the defendant authorized Bacon to adjust the plaintiff's loss upon terms named, he became defendant's agent, and his declarations touching the adjustment, within the scope of his authority, are binding upon the company; and that if plaintiff, prior to the expiration of the time limited for the commencement of the action, was induced to believe, by the statements and representations of Bacon, that the terms of the policy had been complied with, and that settlement of the loss would be made, and, acting on this belief, was induced thereby to delay the commencement of the action, the defendant will, in law, be presumed to have waived the conditions of the policy, and the delay in commencing the action, and will be estopped to set up defenses based thereon. The instructions are clearly correct. The conditions of the policy, being for defendant's benefit, could, of course, be waived by it. Any course of conduct by the defendant which would be sufficient to induce the plaintiff to believe, and act upon such belief, that these conditions were waived, or were regarded by defendant as complied

with, would estop it from afterwards setting up the conditions as a defense. No prudent man would bring suit if he believed his claim would be paid without. Plaintiff was authorized to believe Bacon's statement, for he was known to be the agent of defendant. He had special authority to settle the loss, and surely was fully authorized to inform plaintiff that it would be settled. If he failed to state the amount which defendant would pay, this does not change the effect of his statements. If he had informed plaintiff of the amount he was authorized to pay, and it had not been accepted, no estoppel would have been raised against defendant. He had been authorized to settle the claim. His statements were therefore truthful. But if he did not disclose the whole truth, the plaintiff ought not to be made to suffer thereby. Instructions asked by defendant are not in harmony with these views. Two of them, after having been modified, so as to accord with doctrines we have expressed, were given. The others were rightly refused.

VI. Bacon, the agent for defendant, while testifying in plaintiff's behalf in regard to a conversation with plaintiff's 3. EVIDENCE: attorney touching the settlement, was asked to intention and state how the attorney felt about it. The ques-wishes of another. tion did not call for an expression of feeling or passion, but of the intention and wishes of the attorney, and it was answered in that way. Counsel's objection to the evidence is not well taken. The foregoing discussion disposes of all questions in the case.

The judgment of the circuit court is

AFFIRMED.