Bernard S. Meyer, J.
These motions for judgment on stipulated facts raise the question whether Colorado’s guest statute is to be applied. Plaintiffs and defendant are now, were prior to the accident in question, and have been continuously since, residents of New York; plaintiff Rhoda Dym and defendant at the time of the accident were residing temporarily in Colorado as students or vacationers; they had travelled to and arrived in Colorado separately; each intended to stay about six weeks but they had made no arrangements to meet there, to take courses together or return together; they each intended at the time of going to Colorado to return to New York and in fact did so; they had separate residences on the campus of the University of Colorado; they were both members of a golf instruction course at the University; on August 11,1959, Rhoda Dym without arrangement prior to assembly of the class entered defendant’s automobile with defendant’s consent for the purpose of being driven from the campus to the place of instruction *658 in Longmont, Colorado; there was no agreement for payment by plaintiff in any fashion; at the time of leaving the University campus they had made no other plans than that defendant drive Mrs. Dym to Longmont; defendant’s car was registered in New York and his automobile liability insurance was written and delivered to him in New York; on the way to Longmont the accident which is the subject of the action occurred. Defendant though conceding the facts concerning insurance objects to their relevancy. The objection is overruled, defendant’s motion for judgment dismissing the complaint is denied, plaintiff’s motion for judgment that the Colorado guest statute neither bars the action nor establishes the governing standard of conduct is granted, and the action is set down for trial in Trial Term, Part IX on Monday, January 6, 1964 at 9:30 a.m.
The Colorado statute (Rev. Stat., § 13-9-1) provides in pertinent part: “ No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others.” Both parties have informed the court that no legislative history of that provision exists. Plaintiff has, however, by means of an affidavit of a Colorado attorney, called the court’s attention to the statement by the Supreme Court of Colorado in Dobbs v. Sugioka (117 Col. 218, 219, 220) with respect to the Wyoming guest statute ‘ ‘ which, so far as applicable here, is almost identical with our own ” that: “It will help to bear in mind the purpose of these guest statutes. Clearly they were enacted to prevent recovery by those who had no moral right to recompense, those carried for their own convenience, for their own business or pleasure, those invited by the operator as a mere generous gesture, ‘ hitchhikers ’ and ‘ bums ’ who sought to make profit out of softhearted and unfortunate motorists. Prior to the passage of these acts court dockets were cluttered with such suits.” And to the statement by a dissenting .Judge in Noakes v. Gaiser (136 Col. 73, 85): 1 ‘ The compelling idea for the sanction of such legislation is the notion that guests have been guilty of collusion, fraud and bad faith in advancing claims. In other words, presumptively guest and host frequently connive in the pressing of claims in order to mulct the insurance carrier.” And to the fact that Colorado does not apply its guest statute to a host and guest involved in an accident occurring outside Colorado, even though both be *659 Colorado residents, Dobbs v. Sugioka (supra); Pando v. Jasper (133 Col. 321).
The instant ease is distinguishable from Babcock v. Jackson (12 N Y 2d 473) in that (1) Babcock involved an Ontario statute and the full faith and credit clause, therefore, had no application, (2) the Ontario statute was an absolute bar, whereas the Colorado statute recognizes liability when the host is intoxicated or guilty of willful or wanton conduct, and (3) the trip in Babcock started and ended in New York and the parties were in transit and had not taken up temporary residence outside New York. On the reasoning of Pearson v. Northeast Airlines (309 F. 2d 553, cert. den. 372 U. S. 912) the court holds that the full faith and credit clause does not mandate application of the Colorado statute (see, also, Paulsen & govern, “ ‘ Public Policy ’ in the Conflict of Laws,” 56 Col. L. Rev. 969, 1013-1015; Reese, “ Full Faith and Credit to Statutes: The Defense of Public Policy,” 19 U. Chicago L. Rev. 339); footnote 14 of the Babcock decision makes clear that the fact that1 ‘ the foreign guest statute requires a showing of gross negligence ” does not change the result; and the court concludes that the temporary residence of the parties in Colorado does not alter the 61 center of gravity ” sufficiently to warrant application of the Colorado statute.
Evaluation of the “ contacts ” and “ interests ” of New York and Colorado dictates that New York’s host-guest policy be applied in this case. The residence of both parties in New York obviates any question of forum shopping. While some medical services were, presumably rendered to Mrs. Dym in Colorado, that State has abjured protection of its residents who provide such services to guest passengers. It is, however, on New York State or New York residents (plaintiffs or those who provided medical services to Mrs. Dym after her return to New York) that the burden of her uncompensated injury will fall. To the extent that guest passenger claims are involved in the calculation of liability insurance rates (as to which cf. Ehrenzweig, “ Guest Statutes in the Conflict of Laws,” 69 Yale L. J. 595, 602-603, with Morris, “ Enterprise Liability and the Actuarial Process — The Insignificance of Foresight,” 70 Yale L. J. 554, 567-569, 574-576, 601, and Ehrenzweig, “ Conflict of Laws ”, § 220) the experience of New York residents has no bearing on Colorado rates and the insurer who wrote defendant’s policy in New York is exposed by the application of New York’s guest-passenger rule to no greater risk of fraudulent claims than it had bargained to assume. If legal standards can be accorded any effect in determining driver conduct, Colorado having opted for the lesser standard has no cause for complaint if New York *660 holds New York residents even when driving in Colorado to a higher standard, and since the stipulated facts give no indication that defendant accepted Mrs. Dym as a passenger in reliance on the Colorado statute, there is no unfairness in New York so doing.
That the present parties had taken up temporary residence in Colorado and intended the transportation provided to be confined within that State differentiates their status from that of the Babcock parties only in the degree to which the locus of the accident in a guest statute State can be said to be fortuitous. Cases may be supposed in which residence of a more substantial, though still not permanent, nature gives rise to sufficient interest in the State of temporary residence to warrant application of its guest statute policy between two litigants whose permanent residence is New York. Evaluation of the “ center of gravity ” or ‘ ‘ most significant relationship ’ ’ is, however, to be made on a qualitative rather than a quantitative basis (Comments on Babcock v. Jackson, 63 Col. L. Rev. 1212, 1248). In víbav of the transitory nature of the residence of Mrs. Dym and Mr. Gordon in Colorado, Colorado’s contact, while weightier than that of Ontario in Babcock, is not sufficiently significant to warrant application of its, rather than New York’s, policy.
The result thus reached accords with sections 379 and 379a of the Bestatement of Conflict of Laws (2d) [Tentative Draft No. 8,1963]. While Comment b to section 379 states that where the injury and the conduct causing that injury occur in the same State, “ the local law * * * will almost invariably govern, ” Comment c to that section recognizes that “At least some aspects of the duty of a driver of an automobile toward a guest passenger may also be governed under certain circumstances by a special law”, and Comment d to section 379a states that the law of the State where the personal injury occurred does not govern “ where the place of injury, which on occasion may be the place of defendant’s conduct as well, bears little relation to the parties and the occurrence.”
The action will, therefore, proceed to trial without reference to the Colorado guest statute. Colorado rules of the road and law concerning whether violation of a statute is negligence per se or only evidence of negligence will, however, be applicable (Babcock v. Jackson, 12 N Y 2d 473, 483, supra) and it is requested that the court be furnished with trial memoranda on such Colorado law as the parties will contend should be charged»