■ RHODA DYM, Respondent, et al., Plaintiff, v. MORRIS GORDON, Appellant. — In an action to recover damages for injury to person, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered April 28, 1964 upon the court's decision in favor of the plaintiff Rhoda Dym after a nonjury trial. The action on behalf of the plaintiff Norman Dym was discontinued. Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact are affirmed. The female plaintiff, a gratuitous guest in defendant's automobile, was injured in Colorado when the automobile passed a stop sign and collided with another vehicle operated by a man who was apparently a resident of Kansas. The said plaintiff and the defendant were and are residents of New York. The defendant had driven his vehicle to Colorado and the plaintiff had come to Colorado by bus. The automobile trip involved herein began and was scheduled to terminate in Colorado, without the crossing of the State borders. The Colorado Guest Statute (Rev. Stat., § 13–9–1) provides that "No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death, or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others." If that statute, rather than the common law of New York, is applicable, the plaintiff could not recover unless she established that the accident was intentional on the part of the defendant or was caused by his intoxication or by negligence consisting of a willful and wanton disregard of the rights of others — matters which she did not establish. The trial court held that evaluation of the contacts and interests of New York and Colorado dictated that New York's host-guest policy be applied and that the temporary residence of both parties did not alter the "center of gravity" doctrine sufficiently to warrant application of the Colorado statute (41 Misc

2d 657, appeal to this court dismissed on motion, Feb. 3, 1964). Under Colorado's Guest Statute, the manner of the defendant's operation of his vehicle was an important issue (cf. *Babcock* v. *Jackson*, 12 N Y 2d 473, 478). In our opinion, under the circumstances herein, it was Colorado, the place where the parties resided, albeit temporarily, where their guest-host relationship arose and where the trip began and was to end, rather than New York, the place of their permanent domiciles, which had the dominant contacts and the superior claims for application of its law (cf. *Babcock* v. *Jackson, supra*; *White* v. *MVAIC*, 39 Misc 2d 678, 685). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.