**Alberta H. TAYLOR, Plaintiff,**

v.

**ROYAL INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 14233-4.**

United States District Court
W. D. Missouri, W. D.

Nov. 18, 1964.

See also, D.C., 34 F.R.D. 132.

Rufus Burrus, Independence, Mo., John P. Zimmerman, Kansas City, Mo., for plaintiff.

Glenn E. McCann and Joseph H. Moore, of Knipmeyer, McCann & Millett, Kansas City, Mo., for defendant.

BECKER, District Judge.

This is a diversity suit on a scheduled personal property floater policy insuring against theft of personal property among other risks. Defendant has moved for a summary judgment on all issues. A summary judgment on all issues may not be entered unless it conclusively appears that there is no genuine issue as to any material fact, and that the movant is entitled to a judgment as a matter of law. Rule 56, F.R.Civ.P.

A scheduled personal property floater policy may be said to be transitory in the sense that the insured property is movable and is insured when carried anywhere permitted by the policy. Some floater policies have no geographical restrictions in the coverage. Some afford coverage only while the insured property is in a certain restricted area, for example, in the United States. In this case the policy insures some of plaintiff's property "wherever located," and other specific property of the plaintiff only while located in the United States or Canada.

Defendant contends that, as a matter of law, plaintiff's claim is barred by her failure to bring suit within one year of the discovery of the alleged theft as required by paragraph 13 of the conditions of the policy which is as follows:

> "13. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the State within which this policy is issued, such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State to be fixed herein."

## FACTS

From plaintiff's deposition and affidavits submitted in opposition to defendant's motion, the facts, as viewed in the light most favorable to the plaintiff, are as follows.

Plaintiff applied for the policy while plaintiff was temporarily physically present in Iowa. At that time she was a domiciled citizen of Missouri. Defendant is and was continuously a New York corporation. The policy was issued by an agent of defendant whose offices were and are in Iowa. By the terms of the policy, the defendant insurer was not bound by the policy until it was countersigned by a resident agent. This countersignature occurred in Iowa. The policy was then mailed to plaintiff's Missouri address. Plaintiff paid the initial premium required by the policy by mailing from Missouri to the insurer's agent in Iowa a check drawn on an Iowa bank.

When the alleged theft occurred, in March of 1960, the insured property was in Illinois. At that time plaintiff was leasing an apartment in Illinois, but was physically present with her mother in Missouri.

In Illinois, defendant's adjuster conferred with plaintiff concerning the loss about a week after the theft was reported. Proofs of loss were taken at that time. In Illinois, plaintiff was assured at the time of the loss, and again in March or April of 1961, by the defendant's agents that routine adjustment procedures were being followed and that she would receive a check as soon as the investigation was complete.

This civil action was filed in a Missouri state court on January 14, 1963. At that time plaintiff was a resident domiciled citizen of Missouri.

The defendant's principal factual contention is that the policy was delivered to plaintiff while plaintiff was physically present in Iowa and that plaintiff paid the premium by her check while plaintiff was physically present in Iowa.

## CONCLUSIONS OF LAW

Iowa decisions uphold contractual limitations on the time for bringing an action on a policy of insurance. Jerrel v. Hartford Fire Insurance Company, 251 Iowa 816, 103 N.W.2d 83, 80 A.L.R.2d 1281. Missouri law by statute declares such a provision to be void. Section 431.030 RSMo 1959, V.A.M.S.

▨ The law of the forum (Missouri) governs choice of law questions; and in diversity cases federal courts are bound by the law of the state within which they sit on choice of law questions. Jamison Coal & Coke Co. v. Goltra (C.A. 8) 143 F.2d 889, 154 A.L.R. 1191, cert. denied, 323 U.S. 769, 65 S.Ct. 122, 89 L.Ed. 615. Therefore Missouri law governs on the questions of choice of law.

One difficulty here is that Missouri is not committed to definite choice of law rules applicable to the determination of the validity of contracts. In re De-Gheest's Estate, 362 Mo. 634, 243 S.W.2d 83; Campbell v. Sheraton Corp. of America, 363 Mo. 688, 253 S.W.2d 106; Restatement, Conflict of Laws, Mo.Annot. § 332. This lack of certainty might be consistently explained under the "grouping of contacts" or "center of gravity" theory discussed in 16 Am.Jur.2d, Conflict of Laws § 42; but this is not presently ascertainable under Missouri law. The trend in the nation is toward acceptance of the "center of gravity" theory proposed in Restatement (Second), Conflict of Laws §§ 332(b) and 379. Griffith v. United Air Lines, Inc., (Pa.Sup.), 203 A.2d 796, decided October 14, 1964; Dym v. Gordon (N.Y.Sup.Ct. App.Div.2nd Dept.) 253 N.Y.S.2d 802, decided October 27, 1964; Lilienthal v. Kaufman (Or.Sup.), 395 P.2d 543, decided September 30, 1964.

For purposes of this motion the choice of law question need not be precisely and fully answered.

Assuming, without deciding, that the creation and interpretation of the policy are governed by Iowa law, the facts asserted by plaintiff show sufficient Missouri interest to cause the Missouri courts to refuse to enforce the contractual policy limitation on the time for bringing actions thereon because it is contrary to the public policy of Missouri expressed in Section 431.030 RSMo 1959, V.A.M.S. Asel v. Order of United Commercial Travelers, 355 Mo. 658, 197 S.W. 2d 639. Defendant's claim of denial of due process, if Missouri's public policy is invoked for this purpose, is untenable under the facts viewed most favorably to the plaintiff. Clay v. Sun Insurance Office, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229. Compare Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed.2d 926, relied on by defendant, but not in point under the facts as assumed for the purpose of this memorandum.

But in Asel v. Order of United Commercial Travelers, supra, the Missouri Supreme Court recognizes that, when a cause of action originates in a state which has a shorter statute of limitations than that of Missouri, in a Missouri action, the shorter foreign statute takes precedence over Missouri's longer statute of limitations under the provisions of Missouri's borrowing statute, Section 516.190 RSMo 1959, V.A.M.S. In such circumstances it is no violation of Missouri's public policy to apply the shorter foreign statute.

Defendant claims that Iowa has an applicable one year statute of limitations Section 518.22, I.C.A. Plaintiff claims that this statute does not apply to the policy in question because the statute applies only to policies issued by assessment companies, whereas defendant is a stock company.

Unless the cause of action in this case originated in Iowa, no Iowa statute of limitations is applicable to this cause. Jenkins v. Thompson (Mo.Sup.) 251 S.W. 2d 325. So if the cause of action did not arise in Iowa the applicability of the Iowa statute need not be determined.

▨ The facts viewed most favorably to the plaintiff show that when the loss occurred, plaintiff was in Missouri, the property was in Illinois, and the defendant was domiciled in New York. Fur-

ther, all of plaintiff's dealings with defendant following the loss were in Illinois or Missouri. Moreover, defendant relied on the limitations law of Illinois in a letter to plaintiff's counsel when plaintiff's claim was denied. This letter is a practical construction of the policy by defendant. 3 Corbin, Contracts § 558, and perhaps a waiver of the defense of Iowa law of contract and limitation. McCarty v. United Ins. Co. (Mo.App.) 259 S.W.2d 91; Craddock v. Fidelity Life Association, 226 Iowa 744, 285 N.W. 169, 125 A.L.R. 1261; Coulter v. American Employers' Ins. Co., 333 Ill.App. 631, 78 N.E.2d 131. But see Weston v. State Mut. Life Assurance Co., 234 Ill. 492, 84 N.E. 1073, requiring a showing of prejudice.

 The cause of action on a contract originates where the breach occurs. Martin v. Mutual Life Ins. Co. of New York, 190 Mo.App. 703, 176 S.W. 266; Jenkins v. Thompson, supra. The Martin case, supra, decided that the place of performance of transitory insurance contracts is the place where the event insured against occurs. Perhaps the breach occurred where performance was required. Without deciding where the performance was required or where the breach occurred, it can be said that the facts viewed most favorably to plaintiff show that the breach did not occur in Iowa. Therefore, no Iowa statute of limitations is borrowed by the Missouri borrowing statute, Section 516.190 RS Mo 1959, V.A.M.S.

Disregarding all other aspects of the case, the facts asserted by plaintiff in her deposition and affidavits show that defendant may be estopped to rely on a valid enforceable policy limitation of action under the laws of Illinois, Iowa, and Missouri. Dickirson v. Pacific Mut. Life Ins. Co., 319 Ill. 311, 150 N.E. 256; Jerrel v. Hartford Fire Insurance Company, 251 Iowa 816, 103 N.W.2d 83; Bish v. Hawkeye Insurance Company, 69 Iowa 184, 28 N.W. 553; Sugent v. Arnold's Estate, 340 Mo. 603, 101 S.W.2d 715 (estoppel to assert a statute of limitation).

The facts asserted by plaintiff in her deposition and affidavits submitted by plaintiff in opposition to defendant's motion show that genuine issues of fact exist concerning the validity and enforceability of the policy limitation relied on by defendant, and concerning the possible estoppel of defendant to rely on the policy limitation as a defense to this action. Defendant has not brought itself under any statute of limitations that is applicable as a matter of law.

Defendant's motion for summary judgment on all issues must be denied.