**Patricia D. Bridge JORDAN, Plaintiff,**

**v.**

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. A. No. 16690–3.**

United States District Court
W. D. Missouri, W. D.

Nov. 12, 1968.

John B. Ewing, Jr., Kansas City, Mo., for plaintiff.

Robert C. Canfield, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER SUSTAINING DEFENDANT'S MOTION TO DISMISS

BECKER, Chief Judge.

Defendant herein has filed a motion to dismiss this diversity action based on the contention that the alleged causes of action are fully barred by the applicable state statutes of limitation.

The history of this cause is as follows: (1) Plaintiff alleges that on September 2, 1961, at or near Yuma, Arizona, she was injured when she fell on one of defendant's trains; (2) On June 24, 1963, she filed a Petition for Damages against the defendant herein and the Southern Pacific Company in the Circuit Court of Jackson County, Missouri, (Case No.

653,226) which alleged a cause of action in tort; (3) On or about July 12, 1963, this cause was removed to this Court and assigned Civil Action No. 14491–1, whereupon plaintiff voluntarily dismissed as to the Southern Pacific Company; (4) On July 31, 1964, this Court entered an order granting plaintiff leave to dismiss the action in Civil Action No. 14491–1 without prejudice; (5) On September 24, 1964, a formal order of dismissal without prejudice was entered by this Court in Civil Action No. 14491–1; (6) On December 11, 1964, plaintiff filed a Petition for Damages against the defendant herein in the Circuit Court of Jackson County, Missouri, (Case No. 665,204) which alleged a cause of action in tort arising from the same incident; (7) On December 10, 1965, plaintiff filed a First Amended Petition for Damages in the Circuit Court of Jackson County, Missouri, (Case No. 665,204) which alleged two causes of action, one in tort and one for breach of contract arising from the same accident; (8) On November 2, 1966, plaintiff filed a Voluntary Dismissal in the Circuit Court of Jackson County, Missouri, (Case No. 665,204) which resulted in an order of dismissal without prejudice pursuant to Missouri Rule of Civil Procedure 67.01, V.A.M.R.; (9) On November 3, 1967, plaintiff filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, (Case No. 709,681) which alleged causes of action in tort and for breach of contract arising from the same incident and which was removed to this Court by defendant herein on December 12, 1967.

The "petition" (complaint) filed herein states that the defendant is a railroad and "a common carrier engaged in the transportation of passengers for hire" operating in the State of Missouri and in interstate commerce; that defendant solicited passengers for hire to travel on the "Golden State Trains which are operated on a route" between Los Angeles, California, to Chicago, Illinois, known as the "Golden State Route"; that "defendant owns, controls and oper-ates the railroad cars and equipment used on the * * * Golden State Trains running along the Golden State Route"; that "the defendant controls, manages and supervises the inspection, maintenance and repair of the railroad cars and equipment" used on the Golden State Trains; and that defendant "manages, controls, employs and supervises the employees who service, maintain, inspect", and care for the Golden State Trains' railroad cars and equipment.

The "petition" is in two counts. The first count alleges that on September 2, 1961, at or near Yuma, Arizona, plaintiff was a passenger for hire on one of the "Golden State Trains" and that as a direct and proximate result of defendant's negligence, plaintiff was caused to fall thereby incurring injury. The second count alleges that on or about July 29, 1961, plaintiff purchased from defendant "a round trip ticket from Kansas City, Missouri to Yuma, Arizona" which constituted a contract for safe transportation by defendant of plaintiff as a passenger and that defendant's failure to warn plaintiff or make its railroad cars and equipment safe for plaintiff constituted a breach of contract.

■■ It is conceded by all parties to this action that this is a diversity action and, therefore, that the law of the forum, Missouri, is determinative of the statute of limitations issue. See Taylor v. Royal Insurance Co. (W.D.Mo., 1964) 235 F.Supp. 891. It is also conceded that Section 516.190 RSMo 1959, V.A.M.S. (Missouri's borrowing statute) is applicable to this case because the causes of action stated in plaintiff's complaint "originated" in the State of Arizona. This statute reads as follows:

"Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

In applying the Missouri "borrowing statute" quoted above, this Court in the

*Taylor* case noted that in Asel v. Order of United Commercial Travelers, 355 Mo. 658, 197 S.W.2d 639 (1946) the following was stated:

" * * * the Missouri Supreme Court recognizes that, when a cause of action originates in a state which has a shorter statute of limitations than that of Missouri, in a Missouri action, the shorter foreign statute takes precedence over Missouri's longer statute of limitations under the provisions of Missouri's borrowing statute, Section 516.190 RSMo 1959, V.A.M.S." Taylor v. Royal Insurance Co., supra, 235 F.Supp. at 893.

Therefore, the parties herein do not controvert the proposition that the Arizona statutes of limitations apply to the causes of action stated in the complaint.

■ Count I of plaintiff's complaint states a cause of action in tort because of the alleged negligence of defendant which caused plaintiff to suffer personal injuries. This cause of action "originated" in the State of Arizona within the meaning of Section 516.190, and, therefore, the Arizona statute of limitations applies. Girth v. Beaty Grocery Company, Inc., et al., 407 S.W.2d 881 (Mo.Sup., 1966).

■ Under Arizona law, the accrual of all causes of action for personal injuries must be brought within two years of the date of the occurrence giving rise to the claim. 12 Ariz.Rev.Stat.1956, § 542. Plaintiff's claim as stated in Count I accrued on September 2, 1961, and her first suit was filed within the limitations period provided by the Arizona statute. However, when plaintiff voluntarily dismissed (suffered a nonsuit) on July 31, 1964, the two-year statute of limitations for personal injuries provided for in 12 Ariz.Rev.Stat.1956, § 542, had run. Defendant concedes that the filing of plaintiff's second suit on December 11, 1964, was permissible under Section 516.230 RSMo 1959, V.A.M.S. (saving clause in nonsuits). This section reads, in part, as follows:

"If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.-370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; * * *."

Defendant does contest, however, the propriety of plaintiff's filing a third suit stating the same tort claim as was stated in the two prior suits which had been nonsuited. Under Section 516.230 (saving clause in nonsuits), plaintiff had a statutory right to file a new suit for a one-year period after suffering the first nonsuit based on the same cause of action (the tort claim) as stated in the first suit. Defendant contends that the "saving clause" provision of Section 516.230 "is not intended to allow an indefinite postponement of the bar of limitations."

■ The Missouri Supreme Court in Foster v. Pettijohn (1948) 358 Mo. 84, 213 S.W.2d 487, discussed the application of Section 516.230 to a procedural situation similar to the one presented here and stated the following:

"In construing similar statutes of other states it has been held that a plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit; and that new actions are not authorized after the lapse of the limitation period and a year after the original nonsuit. [Citing cases.]"

Foster v. Pettijohn, supra, at 490. Therefore, defendant's contention that Count I of the complaint herein was barred by limitations is meritorious and is sustained.

■ Count II of plaintiff's complaint states a cause of action for breach of

contract by defendant's failure to provide plaintiff with safe transportation. Plaintiff's complaint states that the breach of contract occurred at or near Yuma, Arizona. Under Section 516.190 RSMo 1959, V.A.M.S. (borrowing statute), the Arizona statute of limitations of four years on suits on written instruments executed outside that state (12 Ariz.Rev.Stat.1956, § 544) applied because "[t]he cause of action on a contract originates where the breach occurs." Taylor v. Royal Insurance Co. (W.D.Mo., 1964) 235 F.Supp. at 894.

The facts pleaded by plaintiff allege that the breach occurred in Arizona on or about September 2, 1961. Plaintiff first asserted the breach of contract cause of action in an amended complaint filed in her second suit on December 10, 1965. The assertion of this claim at that time was not within the four-year limitations period provided for in 12 Ariz.Rev.Stat.1956, § 544. Therefore, the saving provision of Section 516.230 is not applicable to Count II since it was fully barred by the Arizona limitations before it was ever asserted.

The plaintifff does not claim that under Arizona law there is a longer period of limitations on an oral or an implied contract. The applicable Arizona statute, 12 Ariz.Rev.Stat.1956, § 550, would also in that case provide a four-year limitation period. The period, under Arizona decisions, begins to run with the breach of the oral contract, Kain v. Arizona Copper Co. (1913) 14 Ariz. 566, 133 P. 412, 414, or the implied contract. Southern Pac. R. Co. of Mexico v. Gonzalez (1936) 48 Ariz. 260, 61 P.2d 377, 106 A.L.R. 1012. Therefore, treating the claim as one for relief on an oral or implied contract would not aid the plaintiff.

For the foregoing reasons, it is hereby

Ordered that defendant's motion to dismiss as to Counts I and II be, and it is hereby, sustained.