430 So.2d 1138 (1983)
Beverly Williams, Wife of Ronald William GARRITY and Ronald William Garrity
v.
Dr. Francis T. CAZAYOUX and Dr. Walter Scheuermann.
No. 82-CA-0505.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1139 Preston G. Sutherland, New Orleans, for plaintiffs, appellants.
Edward D. Markle, New Orleans, for defendants, appellees.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiffs appealed the judgment of the district court which maintained defendants' exception of prescription and dismissed plaintiffs' action with prejudice.
Plaintiffs, Ronald and Beverly Garrity, are husband and wife. On April 24, 1981, they filed the petition in the instant action, a "Petition To Compel Arbitration." Named as defendants therein were Dr. Francis T. Cazayoux and Dr. Walter Scheuermann.
Plaintiffs' petition made the following allegations: Drs. Cazayoux and Scheuermann are specialists in the field of obstetrics and gynecology. On January 10, 1978, Beverly Garrity signed an arbitration agreement with defendants which provided that any claims based on negligence or medical malpractice would be submitted to arbitration.[1] Plaintiffs filed suit against Drs. Cazayoux and Scheuermann on April 26, 1979, alleging negligent conduct which resulted in the death of plaintiffs' minor son. This suit was dismissed on November 27, 1979, on an exception of prematurity. Beverly Garrity made a formal request on March 12, 1980, for defendants to enter into arbitration and this request was rejected on April 10, 1980. Plaintiffs filed a second suit on April 18, 1980, again alleging negligent conduct and further alleging defendants' refusal to enter arbitration. The court again maintained defendants' exception of prematurity, stating that plaintiffs' remedy was to file a petition to compel arbitration.
Defendants filed a peremptory exception of prescription to plaintiffs' petition, urging the one-year prescriptive period of LSA-R.S. 9:5628.[2] In support thereof, defendants argued that while plaintiffs' first suit might have interrupted prescription, the second suit did not. Defendants urged that the second suit was a frivolous one and thus could not serve to interrupt the running of prescription. Plaintiffs countered that their petition for arbitration was timely because both the first and second petitions interrupted prescription.
The district court rendered judgment for defendants, maintaining their exception and dismissing plaintiffs' suit with prejudice. Plaintiffs have appealed that judgment. Because no evidence was taken in the trial of the exception, we rely upon the record as it appears before us.
The dates important to this controversy are as follows:

April 27,1978  alleged acts of malpractice.
April 26,1979  plaintiffs' first petition
 filed.
November 27,1979  first suit dismissed.
April 18,1980  plaintiffs' second petition
 filed.

*1140
December 5,1980  second suit dismissed.
April 24,1981  petition to compel arbitration
 filed.

It is clear from the above that if both the first and second suits interrupted prescription, and started the one-year period running anew, then plaintiffs' medical malpractice action has not prescribed and their petition to compel arbitration is timely.
Plaintiffs rely upon LSA-R.S. 9:5801, which provides as follows:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."[3]
The effect of interruption of prescription was described by Planiol as follows:
"As a general rule, the effect of acts which interrupt liberative prescription is in conformity with the ordinary notion of interruption; the time already run does not count; it is lost for the calculation of prescription, but it recommences to run immediately and neither its nature nor its duration is changed; it is the same prescription which begins again, with a new point of departure." 2 Planiol, Traité Elémentaire de Droit Civil, No. 672, p. 365 (footnote omitted).
Our courts have long recognized the principle that prescription begins to run anew from the date of dismissal of a lawsuit which interrupts prescription. See, e.g., Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654 (1927); Kreher v. T.L. James & Company, Inc., 274 So.2d 734 (La. App. 4th Cir.1973); and Stroud v. Standard Oil Co. of New Jersey, 41 So.2d 539 (La. App. 2nd Cir.1949).
When this principle is applied, it is clear that prescription has not run on plaintiffs' medical malpractice action. The original suit was timely since it was filed within one year of the alleged negligent acts. This suit interrupted prescription and the one-ear period began to run anew on November 27, 1979, the date of its dismissal. Plaintiffs' second suit was also timely since filed within one year of that date. By operation of LSA-R.S. 9:5801, this suit also interrupted prescription and on the date of its dismissal, December 5, 1980, prescription again began to run anew. The instant suit, seeking to compel arbitration, was filed within one year from that date. We therefore conclude that the trial court erroneously maintained defendants' exception of prescription.
Defendants contend that the filing of the second suit, which they characterize as "frivolous,"[4] should not interrupt prescription. They urge this court to adopt an interpretation of LSA-R.S. 9:5801 which would provide for interruption of prescription only by the first petition filed and not by successive petitions. They contend that such an interpretation is required because of the language used in that statute, on the basis of public policy and because other jurisdictions have adopted such a rule. We conclude that these arguments are not persuasive.
There is nothing in the language of LSA-R.S. 9:5801 to suggest that it is effective only upon filing of the first suit. By its terms, whenever "a civil action" is commenced in a court of competent jurisdiction, prescription is interrupted. The statute speaks of "a civil action," not "the first civil action." The filing of a subsequent suit is *1141 the commencement of "a civil action" just as surely as was the filing of the first suit. When a law is clear and free from ambiguity, it is not to be disregarded. LSA-C.C. art. 13.
Nor does public policy require the interpretation urged by defendants. In Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979), the Louisiana Supreme Court described the purpose of prescriptive statutes as follows:
"The underlying reason why prescription does not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof." 376 So.2d at 954.
Under the interpretation of the statute adopted herein, defendants are insured adequate and timely notice of a legal demand arising out of a factual occurrence. Such notice affords defendants the opportunity to prevent loss of relevant proof, the main danger of allowing assertion of stale claims. In fact, in the instant case, the filing of subsequent suits by plaintiffs gave defendants continuing notice that there was still a dispute over liability for an alleged factual occurrence. Public policy does not require the interpretation of the statute urged by defendants.
Finally, the cases cited by defendants which hold that the filing of a second suit has no effect upon the running of prescription are not persuasive in interpreting the Louisiana statute. See, e.g., Foster v. Pettijohn, 358 Mo. 84, 213 S.W.2d 487 (1948); and United States Fire Ins. Co. v. Swyden, 175 Okl. 475, 53 P.2d 284 (1935). Our examination of the cases cited reveals that they concern interpretations of statutes which contain radically different language than that used in LSA-R.S. 9:5801. Additionally, the cited cases bear no indication that those jurisdictions share our unique concept of the principle of interruption of prescription.
For the foregoing reasons, the judgment of the district court is reversed and this case is remanded for further proceedings. The costs of this appeal are to be paid by defendants-appellees. The costs of the trial court shall await the outcome of the trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] A copy of the arbitration agreement was attached to the petition.
[2] LSA-R.S. 9:5628 provides that any action for damages for death or injury against a physician arising out of patient care shall prescribe within one year from the date of the alleged act, omission or neglect, or within one year from the discovery thereof. Both sides agree that if the underlying malpractice action is prescribed, an action to compel arbitration on that claim would likewise be prescribed. Thus, the timeliness of plaintiffs' suit to compel arbitration is contingent upon a determination of whether or not the underlying medical malpractice action has prescribed.
[3] LSA-R.S. 9:5801 was repealed by Act No. 274 of 1982, effective January 1, 1983. It was replaced by LSA-C.C. art. 3462, which provides:

"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."
No change in the law was effected by this legislative action. See LSA-C.C. art. 3462 comment (a).
[4] Defendants characterize the suit as frivolous because they assert it contained the same allegations as the first, which had been dismissed. Plaintiffs challenge that characterization. They note that the second petition included the additional allegation that defendants had declined plaintiffs' offers to arbitrate the matter.