hDUFRESNE, Chief Judge.
This is an appeal by Peggy Burns, plaintiff-appellant, from a judgment sustaining an exception of prescription urged by the City of Kenner, defendant-appellee, in this racial discrimination action. For the following reasons we vacate that judgment and remand the matter for further proceedings.
There are no factual disputes bearing on the issue before us. Burns worked for the City of Kenner from 1995 until October 14, 1999, when she was placed on disability leave due to a nervous condition. On February 16, 2000, she filed a complaint with the federal Equal Employment Opportunity Commission (EEOC) alleging that she had been a victim of racial discrimination in the workplace. On March 31, 2000, the EEOC dismissed the complaint and instructed her that she had 90 days within which to contest that decision in federal court.
Five months later, on August 31, 2000, Burns filed suit in federal court challenging the EEOC determination. Although there is no proof of service in the record, it appears that the City received notice because it moved that the suit be dismissed because filed beyond the 90 day period as specified in the EEOC letter. In response to this motion, Burns argued that her then eounsel had Rneglected the matter. The court ruled that this did not constitute sufficient grounds to toll the running of the 90 day period, and granted the City’s motion to dismiss on March 19, 2001.
*513 On June 18, 2001, Burns filed the present suit in state court. The City urged an exception of prescription which was sustained. This appeal followed.
Under La. R.S. 23:303D, a state action for racial discrimination prescribes in one year. That paragraph further provides that this period shall be suspended for up to six months during pendency of administrative review or investigation by the EEOC or the Louisiana Commission on Human Rights. No mention is made there as to interruption of the one year prescription.
Interruption of prescription is governed by La. Civ.Code, Art. 3462, which pertinently provides that interruption occurs when suit is filed in a court of proper jurisdiction and venue. Article 3463 further provides that this interruption continues for as long as the suit is pending. If the suit is involuntarily dismissed, the whole prescriptive period begins to run anew from the date of that dismissal, Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128 (La.1988).
In the present case, plaintiffs factual allegations support a federal action under 42 U.S.C. sec.2000e-5, and a state action under La. R.S. 23:332. Although she first sought relief in the federal system by filing a complaint with the EEOC, she nonetheless filed suit against the City in federal court on August 31, 2000, well within the one year prescriptive period.
Pursuant to La. Civ.Code, Art. 3462, this suit would have interrupted prescription so long as it was filed in a court of proper jurisdiction and venue. There is no question that the City of Kenner is within the Eastern District of Louisiana and therefore that venue was proper. Similarly, 42 U.S.C.2000e-5(f) confers federal court jurisdiction over the federal claim. Finally, 28 U.S.C. sec. 1367 provides that federal courts have supplemental jurisdiction over all other claims that form a part of the same case or controversy as that of the federal |3claim. Thus the federal court also had jurisdiction over the state claim. Since both venue and jurisdiction over the state claim were proper in the federal suit, that suit interrupted the one year prescriptive period for the state action.
When the federal suit was dismissed on March 19, 2001, plaintiff had an additional year within which to institute a timely state suit. Thus her state suit of June 18, 2001, was timely, and it was error for the trial court to sustain the City’s exception of prescription.
We are aware of LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, but do not find that case controlling here. There, the issue was the effect on prescription of a suit filed prior to the convocation of a mandatory medical review panel in the medical malpractice context. Here, it was not mandatory that plaintiff seek review by either the EEOC or the state Commission on Human Rights prior to initiating her state suit, and therefore we are not faced with the effect of a premature suit on prescription.
For the foregoing reasons the judgment sustaining the exception of prescription urged by the City of Kenner is vacated, and the matter is remanded to the district court for further proceedings.

JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.