HELEN WELLS, LEGAL TUTOR OF S.A., a/k/a S.W.
v.
THE CITY OF HAMMOND AND DANIEL BEAN BRYANT.
No. 2007 CA 0469.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
J. COURTNEY WILSON, Attorney for Plaintiff-Appellant, Helen Wells.
ASHLEY E. SANDAGE, SHAAN M. AUCOIN, Attorney for Defendant-Appellee, City of Hammond.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
Plaintiff, Helen Wells, appeals a judgment of the trial court sustaining a peremptory exception raising the objection of prescription and dismissing this tort lawsuit against the City of Hammond. We reverse and remand.

BACKGROUND
On May 16, 2002, plaintiff, the legal tutor of S.A., filed a lawsuit on his behalf in the United States District Court for the Eastern District of Louisiana against the City of Hammond and Lieutenant Sal Mike. The petition alleged that on June 23 or 24, 2001, S.A. was arrested by the Hammond City Police and was incarcerated at the Hammond City Jail, where the 17-year-old was raped by another inmate, Daniel Bryant. Plaintiff asserted a civil rights cause of action under 42 U.S.C. § 1981 et seq. and asserted supplemental jurisdiction of the federal court over all state claims "explicitly pled or implicit in the complaint." Specifically, plaintiff averred that Lt. Mike, whom she sued individually and in his official capacity, acted with reckless indifference to the safety of S.A. because he knew or should have known of Bryant's course of conduct and failed to protect S.A. from Bryant. The City of Hammond was sued as Lt. Mike's "state law claims employer," on the theory that it was liable because Lt. Mike should have known of Bryant's course of conduct and failed to protect S.A. from Bryant. Plaintiff sought to recover damages for emotional distress and all "compensatory and legal relief' to which she may be entitled.
Lt. Mike and the City of Hammond filed motions for summary judgment in the federal proceeding. On January 9, 2003, the federal district court granted the motions for summary judgment, observing that no memorandum in opposition had been filed. Upon reviewing the memorandum and exhibits filed by the defendants and the applicable law, the court found that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. The court dismissed all of plaintiff's claims against Lt. Mike and plaintiff's "official capacity" claim against the City of Hammond.
On April 15, 2003, a "Stipulation of Dismissal" was filed in federal court. Because this document does not appear in the record, there is no way to discern precisely what was accomplished through the stipulation of dismissal.[1]
On May 12, 2003, plaintiff filed this action against the City of Hammond and Bryant in the 21st Judicial District Court for the Parish of Tangipahoa. Therein, she again asserted that on June 23 or 24, 2001, S.A. was arrested and was incarcerated at the Hammond City jail where he was sexually assaulted by fellow inmate Bryant. She claimed that the City of Hammond was liable under La. C.C. art. 2315 because its jailors were negligent in failing to protect S.A. from Bryant. Plaintiff sought damages for physical pain and suffering, emotional distress, and all compensatory and legal relief to which she was entitled.
In the petition, plaintiff asserted that the timely filing of her lawsuit in federal court on May 16, 2002, tolled prescription on her state lawsuit from that date until the final disposition of the lawsuit, which she claimed occurred by the stipulation of dismissal on April 15, 2003. She urged that subtracting the time her claims were pending in federal court, less than one year had elapsed between the incident sued upon and the state court lawsuit, and therefore, her lawsuit was filed within the one-year prescriptive period for delictual actions.
The City of Hammond filed a peremptory exception raising the objections of prescription and res judicata. In support of the exception, the City of Hammond filed a copy of the petition in the federal litigation and the federal court's minute entry reflecting its order granting the motion for summary judgment. In opposition, plaintiff argued that her federal claims were dismissed on January 9, 2003, but her state claims were not dismissed until the stipulation of dismissal was entered on April 15, 2003. Plaintiff did not submit a copy of the April 15, 2003 federal court action serving as the basis for her prescription argument.
A hearing was held on the peremptory exception, at which neither plaintiff nor her counsel appeared. Thereafter, on August 7, 2003, the trial court signed a written judgment sustaining the exception of prescription and dismissed plaintiff's claims against the City of Hammond. Plaintiff filed a motion for appeal, which was granted on September 10, 2003. On April 7, 2004, the trial court dismissed the appeal for the failure to pay the estimated costs of appeal. This court, however, reinstated the appeal. Wells v. City of Hammond, 2004-2273 (La. App. 1st Cir. 12/22/05) (unpublished opinion).

PRESCRIPTION
Under La. C.C. art. 3492, a tort action is subject to a prescriptive period of one year from the day the injury or the damage is sustained. Ordinarily, the burden is on the party raising the objection of prescription to prove the facts supporting the objection. If, however, the plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624, 628 (La. 1992); Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 (La. App. 1st Cir. 3/31/00), 764 So.2d 1041, 1044, writ denied, XXXX-XXXX (La. 6/16/00), 765 So.2d 338.
On its face, plaintiff's state court lawsuit was prescribed, having been filed nearly two years after the incident complained of. Plaintiff contends that prescription on her state lawsuit was interrupted during the pendency of the federal lawsuit, and cites 28 U.S.C. § 1367(d) for the proposition that instant lawsuit is timely. That provision states that in a federal lawsuit in which supplemental jurisdiction is exercised, the period of limitations shall be tolled while the claim is "pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Plaintiff insists that her state law claim against the City of Hammond was not dismissed in the January 9, 2003 summary judgment, but remained pending until April 15, 2003, the date on which the stipulation of dismissal was filed in federal court. She claims that she had 30 days from that date pursuant to 28 U.S.C. § 1367(d) to file her state law action, and because this lawsuit was filed on May 12, 2003, within this 30-day period, it is timely.
We need not decide whether this lawsuit is timely under 28 U.S.C. § 1367(d)'s 30-day period because we conclude that the lawsuit is timely under articles 3462 and 3463 of the Louisiana Civil Code, which provide a longer tolling period than the 30-day period of 28 U.S.C. § 1367(d). Louisiana Civil Code article 3462 provides that prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue. No one disputes that the federal court was a court of proper venue, or that the federal court had supplemental jurisdiction over the state claims asserted in the lawsuit that arose out of the same controversy as the federal claim. Moreover, there is no indication that any state claims were reserved in the federal lawsuit. Because both venue and jurisdiction over plaintiff's state claims against the City of Hammond was proper in the federal court, that action interrupted the one-year prescriptive period for the state action.
The interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue continues as long as the suit is pending. La. C.C. art. 3463. Under La. C.C. art. 3466, when prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of the interruption. Therefore the one-year prescriptive period to file a state lawsuit began to run anew from the date on which the federal action was dismissed. See Garrity v. Cazayoux, 430 So.2d 1138, 1140 (La. App. 1st Cir. 1983), Burns v. City of Kenner, 2002-179 (La. App. 5th Cir. 7/30/02), 824 So.2d 512, 513. Thus, even if the January 9, 2003 summary judgment dismissing plaintiff's claims against the City of Hammond served to trigger the running of the one-year prescriptive period, rather than the later stipulation of dismissal, plaintiff would have had until January 9, 2004, to file the state action against the City of Hammond. This lawsuit, filed on May 12, 2003, well within that one-year period, is therefore timely. The trial court erred in granting the exception of prescription.
Accordingly, we reverse the judgment of the trial court sustaining the peremptory exception raising the objection of prescription. The case is remanded to the trial court for further proceedings.[2]

CONCLUSION
For the foregoing reasons, the judgment sustaining the City of Hammond's peremptory exception raising the objection of prescription is reversed. This case is remanded to the trial court to for further proceedings. Costs of this appeal in the amount of $188.50 are assessed to the City of Hammond.
REVERSED AND REMANDED.
CARTER, C.J. concurring.
I respectfully concur in the result reached by the majority. I disagree that the petition is prescribed on its face. Thus, as the party urging the peremptory exception raising the objection of prescription, it was the defendant's burden of proving that the suit is prescribed. I submit that the defendant did not do so. Therefore I respectfully concur in the decision to reverse and remand.
NOTES
[1] We note that in brief, the City of Hammond states that it filed the stipulation of dismissal in the federal court proceeding and reserved all defenses in any state court proceeding.
[2] The City of Hammond's exception raising the objection of res judicata was not ruled on by the trial court. Since the exception is not properly before this court, we cannot consider the exception. However, on remand, the exception should be considered by the trial court.