LOUIS HENRY

VERSUS

SOUTHWEST AIRLINES

NO. 23-CA-522

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 834-346, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


July 31, 2024


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**REVERSED; REMANDED**
    **SJW**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LOUIS HENRY
    Steven M. Jupiter
    Randy G. McKee
    Michael G. Bagneris

COUNSEL FOR DEFENDANT/APPELLEE,
SOUTHWEST AIRLINES CO.
    Leo R. McAloon, III
    Andre M. Boudreaux

**WINDHORST, J.**

Appellant/plaintiff, Louis Henry, appeals the trial court's July 10, 2023 judgment sustaining the exception of prescription filed by defendant, Southwest Airlines, Co. ("Southwest"). For the reasons that follow, we reverse the trial court's judgment and remand the matter for further proceedings.

**PROCEDURAL HISTORY**

On April 7, 2021, plaintiff fell while attempting to board a Southwest airplane without the aid of a wheelchair that was previously requested.[1]

On April 7, 2022, plaintiff filed a lawsuit in the United States District Court for the Eastern District of Louisiana against Southwest. In his complaint, plaintiff asserted causes of action against Southwest under federal law and Louisiana law. In response, Southwest filed a motion to dismiss plaintiff's federal claims. On August 19 and 29, 2022, the federal court granted Southwest's motion and dismissed plaintiff's federal claims with prejudice. On September 21, 2022, the federal court declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed the state law claims without prejudice.

On October 26, 2022, plaintiff filed a petition for damages against Southwest in the 24th Judicial District Court ("JDC"), alleging the same Louisiana law claims that he previously asserted against Southwest in federal court. In response, Southwest filed an exception of prescription. After an evidentiary hearing, the trial court granted Southwest's exception of prescription, dismissing plaintiff's claims with prejudice. Plaintiff filed a motion for new trial, which was denied. This appeal followed.

---

[1] Plaintiff contends he requested a wheelchair at the time he purchased his roundtrip ticket and his ticket had a notation stating he was to be provided with a wheelchair. He asserts on his return flight from New Orleans to Houston, Southwest did not provide him with a wheelchair, even after he requested one at the Southwest counter.

**LAW and ANALYSIS**

On appeal, plaintiff contends the trial court erred in sustaining Southwest's exception of prescription.[2] Plaintiff argues that under La. C.C. arts. 3462 and 3463, his timely filed claims in federal court interrupted prescription of his state law claims during the pendency of the federal lawsuit. Plaintiff contends it is undisputed that plaintiff's lawsuit against Southwest was properly filed in the United States District Court for the Eastern District of Louisiana, and prescription was therefore interrupted during the pendency of the federal lawsuit. Because prescription was interrupted, plaintiff asserts the prescriptive period for his state law claims began to "run anew" after the federal court declined supplemental jurisdiction and dismissed without prejudice his state law claims on September 21, 2022. Plaintiff contends he had one year from September 21, 2022, or until September 21, 2023, to refile his state law claims against Southwest in the 24th JDC. Therefore, plaintiff claims his petition was timely filed on October 26, 2022.

Plaintiff also argues the plain language of 28 U.S.C. §1367(d) that provides for a 30-day period to refile a lawsuit in state court after the dismissal of state law claims in federal court does not apply, if state law provides for a longer period of time. Citing Artis v. District of Columbia, 583 U.S. 71, 138 S.C. 594, 199 L.Ed.2d 473 (2018) and La. C.C. arts. 3462 and 3463, plaintiff asserts Louisiana law allows for a longer period of time to refile state law claims. Plaintiff contends that under La. C.C. art. 3462 and 3462, when plaintiff's state law claims were dismissed in the federal court proceeding, prescription commenced to run anew from the last day prescription was interrupted, which was September 21, 2022. Accordingly, plaintiff asserts his lawsuit filed on October 26, 2022 was timely filed well within one year of the dismissal of his claims in federal court.

---

[2] Plaintiff asserted two assignments of error: (1) the trial court committed legal error in sustaining defendant's exception of prescription because plaintiff's lawsuit filed in federal court interrupted prescription of his state law claims; and (2) the trial court committed legal error by ruling that "the statute of limitations" for plaintiff's state law causes of action was merely suspended by the filing of his federal suit.

Defendant argues that under <u>Artis</u>, *supra*, and the plain language of 28 U.S.C. §1367(d), plaintiff's one-year prescriptive period was suspended, rather than interrupted, during the pendency of his claims in federal court and for thirty days following the federal court's dismissal of his state law claims. As a result, because plaintiff filed his federal claim exactly one year from the date of the alleged incident, defendant contends plaintiff only had the thirty-day grace period under Section 1367(d) to refile his state law claims in state court. Defendant asserts plaintiff's state law claims refiled in the 24th JDC in excess of the thirty-day grace period are prescribed. Thus, defendant avers the trial court did not err in sustaining the exception prescription.

In Louisiana, delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. The prescriptive period for delictual actions commences to run from the date the injury or damage is sustained. <u>Id.</u> Upon review of plaintiff's petition, we find each of plaintiff's causes of action against defendant are subject to a one-year liberative prescriptive period.

Prescription statutes are strictly construed against prescription and in favor of the claim. <u>Meggs v. Davis Mortuary Service, Inc.</u>, 19-432 (La. App. 5 Cir. 08/05/20), 301 So.3d 1208, 1212. Of the possible constructions of a prescriptive statute, the one that maintains enforcement of the claim, instead of the one that bars enforcement should be adopted. <u>Law Enforcement District of Jefferson Parish v. Mapp Construction, LLC</u>, 19-543 (La. App. 5 Cir. 05/29/20), 296 So.3d 1260, 1263.

Generally, the party pleading an exception of prescription bears the burden of proving that the action has prescribed. <u>Baker v. Louisiana Citizens Property Ins. Corp.</u>, 12-480 (La. App. 5 Cir. 05/16/13), 119 So.3d 69, 72. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. <u>Id.</u> When prescription is evident on the face of the petition, the burden on the plaintiff is to show that the running of prescription was suspended or

interrupted.  <u>Walker on Behalf of Fried v. ACE American Insurance Corporation</u>, 20-449 (La. App. 5 Cir. 05/26/21), 325 So.3d 1129, 1134, <u>writ denied</u>, 21-914 (La. 10/19/21), 326 So.3d 886.

At the hearing on an exception of prescription, a party may introduce evidence to support or controvert the exception when the grounds do not appear from the petition.  La. C.C.P. art. 931; <u>Woods v. Cousins</u>, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 978, <u>writ denied</u>, 12-2452 (La. 01/11/12), 107 So.3d 617.  Consequently, the standard of review of a judgment sustaining an exception of prescription turns on whether evidence is introduced at the hearing.  <u>Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.</u>, 21-61 (La. 10/10/21), 333 So.3d 368, 373; La. C.C.P. art. 931.  In the absence of evidence, the exception "must be decided upon the facts alleged in the petition with all of the allegations accepted as true." <u>Mitchell</u>, 333 So.3 at 373, citing <u>Lomont v. Bennett</u>, 14-2483 (La. 06/30/15), 172 So.3d 620, 627, <u>cert. denied</u>, 577 U.S. 1139, 136 S.Ct. 1167, 194 L.Ed. 2d 178 (2016).  When no evidence is introduced, the reviewing court determines whether the trial court was legally correct in its finding.  <u>Mitchell</u>, 333 So.3d at 373; <u>Desi v. Thomas Jefferson Construction Corporation</u>, 19-502 (La. App. 5 Cir. 10/05/20), 304 So.3d 1068, 1072.

When evidence is introduced, a court need not accept the allegations of the petition as true, and the trial court's decisions are to be reviewed under the manifest error-clearly wrong standard of review.  <u>DeFelice v. Federated Nat'l Ins. Co.</u>, 18-374 (La. App. 5 Cir. 07/09/19), 279 So.3d 422, 426.  <u>Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC</u>, 15-180 (La. App. 5 Cir. 03/16/16), 188 So.3d 391, 393.  However, a caveat to this rule is that, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review, and give no deference to the trial court's legal conclusions.  <u>Mitchell</u>, 333 So.3d at 373; <u>Desi</u>, 304 So.3d at 1072.

23-CA-522                                          4

Furthermore, questions of law, such as interpretation of a statute, are also reviewed *de novo*. Succession of Lewis, 22-79 (La. 10/21/22), 351 So.3d 336, 340. Because there is no dispute regarding the material facts and the issue before this court involves the interpretation of 28 U.S.C. §1367(d), our review is *de novo*.

Plaintiff's fall occurred on July 7, 2021. Plaintiff concedes that on its face, the October 26, 2022 petition filed in the 24th JDC is prescribed. Therefore, the burden was on plaintiff to show his cause of action was not prescribed. Applying the law and jurisprudence to the facts of this case, we find plaintiff met his burden.

Under 28 U.S.C. §1367(a), federal courts have supplemental jurisdiction over state claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" When federal courts dismiss all of the pending federal claims, they ordinarily dismiss all of the related state claims. See 28 U.S.C. §1367(c)(3); Artis v. District of Columbia, 583 U.S. 71, 138 S.C. 594, 199 L.Ed.2d 473 (2018). A federal court may also decline jurisdiction and dismiss the related state claims, if there is a good reason. See 28 U.S.C. §1367(c)(1), (2), and (4). The issue in this case concerns whether plaintiff timely refiled his state law claims in the 24th JDC under 28 U.S.C. §1367(d) after the federal court dismissed without prejudice plaintiff's state law claims.

28 U.S.C. §1367(d) provides:

> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed **unless State law provides for a longer tolling period.** [Emphasis added.]

In Artis, *supra*, the United States Supreme Court examined the plain language of 28 U.S.C. §1367(d) and held that "tolled" under the statute means "to hold it in abeyance, *i.e.*, to stop the clock." Id. at 75. The Supreme Court stated that generally, "tolled," as applied in federal courts, means the statute of limitations period is suspended (*i.e.*, stops running) while the claim is pending elsewhere, then begins to

run again when the tolling period ends, commencing where it left off. Id. at 80-81. The Supreme Court commented that its decisions use the terms "toll" and "suspend" interchangeably. Id. at 81. In determining the meaning of Section 1367(d), the Supreme Court stated that this provision is phrased as a tolling provision. Id. at 83. Specifically, the Supreme Court held that Section 1367(d) "suspends the statute of limitations for two adjacent time periods: while the claim is pending in federal court and for 30 days postdismissal." Id. The Supreme Court explained that in Section 1367(d), "Congress did provide for tolling not only while the claim is pending in federal court, but also for 30 days thereafter. Including the 30 days within § 1367(d)'s tolling period accounts for cases in which a federal action is commenced close to the expiration date of the relevant state statute of limitations," explaining that "the added days give the plaintiff breathing space to refile in state court." Id. at 87.

In reference to Section 1367(d)'s phrase "unless State law provides for a longer tolling period," the Supreme Court specifically remarked that Louisiana's state laws (i.e., La. C.C. arts. 3462 and 3466) provide for a longer period of time to refile in state court after dismissal because the prescriptive period "runs anew."[3]

> La. C.C. art. 3462 provides:
>
>> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Additionally, La. C.C. art. 3463 provides:

>> A. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending.

---

[3] The Supreme Court specifically stated:

> Section 1367(d)'s proviso, "unless State law provides for a longer tolling period," could similarly aid a plaintiff who filed in federal court just short of the expiration of the state limitations period. She would have the benefit of § 1367(d)'s 30–days–to–refile prescription, or such longer time as state law prescribes. **It may be that, in most cases, the state-law tolling period will not be longer than § 1367(d)'s. But in some cases it undoubtedly will. For example**, Indiana permits a plaintiff to refile within three years of dismissal. See Ind. Code § 34–11–8–1 (2017). And **Louisiana provides that after dismissal the limitations period "runs anew." La. Civ. Code Ann., Arts. 3462, 3466** (West 2007). [Footnote omitted.] [Emphasis added.]

Id. at 88.

B. Interruption is considered never to have occurred if the plaintiff abandons the suit, voluntarily dismisses the suit at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. The dismissal of a suit pursuant to a compromise does not constitute a voluntary dismissal.

"If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of the interruption." La. C.C. art. 3466. Therefore, if a suit is involuntarily dismissed without prejudice, the entire prescriptive period begins to run anew from the date of that dismissal. Wells v. City of Hammond, 07-469 (La. App. 1 Cir. 11/02/07), 2007 WL 3229361 (unpublished opinion);[4] Burns v. City of Kenner, 02-179 (La. App. 5 Cir. 07/3/02), 824 So.2d 512, 513; Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128 (La. 1988).

In Wells, *supra*, the plaintiff, the legal tutor of S.A., filed a lawsuit on behalf S.A. on May 16, 2002, in the United States District Court for the Eastern District of Louisiana against the City of Hammond and Lieutenant Sal Mike, alleging civil rights causes of action under 42 U.S.C. §1981, *et seq.* and state related claims regarding S.A.'s rape, on June 23 or 24, 2001, by another inmate while incarcerated in the Hammond City jail. Id. at 1. The defendants filed motions for summary judgment, which were granted on January 9, 2003. Id. The federal court dismissed all of the plaintiff's claims, including the plaintiff's state related claims. On April 15, 2003, a "Stipulation of Dismissal" was filed in federal court. Id. On May 12, 2003, plaintiff filed his state related claims against the City of Hammond and the inmate in the 21st JDC. Id. The defendants filed an exception of prescription, which was granted by the trial court. Id. at 2.

---

[4] In 2006, the Louisiana legislature enacted La. C.C.P. art. 2168, which specifically provides:

A. The unpublished opinions of the supreme court and the courts of appeal shall be posted by such courts on the Internet websites of such courts.

B. Opinions posted as required by this Article may be cited and, if cited, shall be cited by use of the case name and number assigned by the posting court.

The Louisiana First Circuit Court of Appeal posts unpublished opinions and writ decisions on its website, and as such, these opinions may be cited as authority. See Elee v. White, 19-1633 (La. App. 1 Cir. 07/24/20), 2020 WL 4251974 (unpublished opinion), writ denied, 20-1048 (La. 11/10/20), 303 So.3d 1038; Cook v. Cook, 21-1558 (La. App. 1 Cir. 07/07/22), 344 So.3d 670, 672, fn. 2.

On appeal, the issue was whether plaintiff timely refiled her petition in state court under 28 U.S.C. §1367(d). The First Circuit Court of Appeal found the petition was prescribed on its face because it was filed nearly two years after the alleged incident, and therefore, plaintiff had the burden to show the action was not prescribed. Id. In that case, plaintiff contended the petition was refiled timely in state court and her argument focused specifically on the thirty day period set forth in Section 1367(d). Id. The appellate court stated:

> We need not decide whether this lawsuit is timely under 28 U.S.C. § 1367(d)'s 30-day period because *we conclude that the lawsuit is timely under articles 3462 and 3463 of the Louisiana Civil Code, which provide a longer tolling period than the 30-day period of 28 U.S.C. § 1367(d)*. Louisiana Civil Code article 3462 provides that prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue. No one disputes that the federal court was a court of proper venue, or that the federal court had supplemental jurisdiction over the state claims asserted in the lawsuit that arose out of the same controversy as the federal claim. Moreover, there is no indication that any state claims were reserved in the federal lawsuit. Because both venue and jurisdiction over plaintiff's state claims against the City of Hammond was proper in the federal court, that action interrupted the one-year prescriptive period for the state action. [Emphasis added.]
>
> The interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue continues as long as the suit is pending. La. C.C. art. 3463. Under La. C.C. art. 3466, when prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of the interruption. Therefore the one-year prescriptive period to file a state lawsuit began to run anew from the date on which the federal action was dismissed. See Garrity v. Cazayoux, 430 So.2d 1138, 1140 (La. App. 1st Cir.1983), Burns v. City of Kenner, 2002-179 (La. App. 5th Cir.7/30/02), 824 So.2d 512, 513. Thus, even if the January 9, 2003 summary judgment dismissing plaintiff's claims against the City of Hammond served to trigger the running of the one-year prescriptive period, rather than the later stipulation of dismissal, plaintiff would have had until January 9, 2004, to file the state action against the City of Hammond. This lawsuit, filed on May 12, 2003, well within that one-year period, is therefore timely. The trial court erred in granting the exception of prescription.
>
> Id. at 3

In the instant case, as in Wells, *supra*, it is undisputed that the federal court (1) was a court of proper venue; and (2) had supplemental jurisdiction over plaintiff's

state law claims that were related to the same controversy as plaintiff's federal claims. Because venue and jurisdiction of plaintiff's state law claims were proper, the timely filed suit in federal court interrupted the one-year prescriptive period for the state law claims during the pendency of the suit in federal court. La. C.C. arts. 3462 and 3463. Under La. C.C. art. 3466, prescription began to run anew on September 21, 2022, when the federal court dismissed without prejudice plaintiff's state law claims. Therefore, plaintiff had until September 21, 2023, to refile his state law claims in the 24th JDC. Because plaintiff's petition was filed on October 26, 2022, well within the one-year prescriptive period, we find plaintiff's petition is has not prescribed and the trial court erred in sustaining defendant's exception of prescription.

**DECREE**

Accordingly, for the reasons stated above, we reverse the trial court's July 10, 2023 judgment sustaining the defendant's exception of prescription and remand this case to the trial court for further proceedings.

**REVERSED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-522

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
MICHAEL G. BAGNERIS (APPELLANT)          RANDY G. MCKEE (APPELLANT)

### MAILED
STEVEN M. JUPITER (APPELLANT)          ANDRE M. BOUDREAUX (APPELLEE)
ATTORNEY AT LAW                        KENNETH H. LABORDE (APPELLEE)
650 POYDRAS STREET                     LEO R. MCALOON, III (APPELLEE)
SUITE 2317                             ATTORNEY AT LAW
NEW ORLEANS, LA 70130                  701 POYDRAS STREET
                                       SUITE 4800
                                       NEW ORLEANS, LA 70139